THE FIRST NATIONAL BANK OF CHICAGO

*v.*

THE BANK OF WHITTIER.

*Opinion filed April 17, 1906.*

1. BANKS—*when bank is guilty of negligence as respects collection.* A bank to which a note, certificate of deposit or other obligation is given for collection is guilty of negligence if it sends such note, certificate of deposit or other obligation directly to the payor for collection.

2. SAME—*effect where bank directs sub-agent to send certificate of deposit to payor.* A bank having a certificate of deposit for collection which it sends to another bank, not its regular agent, with directions to collect it at its best rate of exchange and to detach the instructions before sending the certificate to the place of payment, knowing that the payor bank is the only bank in that place, is liable for the loss resulting through the action of the bank, acting as its sub-agent, in sending the certificate to the payor bank. (*Wilson* v. *Carlinville Nat. Bank,* 187 Ill. 222, distinguished.)

3. APPEALS AND ERRORS—*when finding of facts is conclusive.* A finding of facts by the Appellate Court in its judgment reciting that the defendant bank "negligently authorized and directed the Citizens' Savings Bank of Detroit, Michigan, to send the certificate of deposit, mentioned in the declaration herein, to D. F. Parsons, its maker, for collection," is conclusive as to the question of the defendant's negligence.

4. SAME—*Appellate Court may make finding of facts though evidentiary facts are agreed upon.* The fact that the evidentiary facts are agreed upon by the parties and embodied in a stipulation does not take the case out of the operation of section 87 of the Practice act so as to preclude the Appellate Court from making a finding as to the ultimate facts, and the Supreme Court cannot go behind a finding of facts so made and consult the stipulation to determine whether the Appellate Court or lower court correctly determined the facts.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This is an action of assumpsit, brought in the Superior Court of Cook county in the summer of 1901 by the Bank of Whittier, appellee herein, against appellant, the First National Bank of Chicago, to recover the amount of a certificate of deposit for $1650.00 issued by one D. F. Parsons, a banker, which certificate the appellant undertook to collect for appellee. The trial court rendered judgment in favor of the defendant below, appellant here, from which the plaintiff below, appellee here, appealed to the Appellate Court for the First District. The Appellate Court entered the following judgment, to-wit: "And the court, upon the allegations and proofs in the record in this cause contained, doth find as a fact that the defendant and appellee, the First National Bank of Chicago, negligently authorized and directed the Citizens' Savings Bank of Detroit, Michigan, to send the certificate of deposit mentioned in the declaration herein to D. F. Parsons, its maker, for collection, as charged in the declaration herein. And the court doth further find that the

said appellant ought to have and recover of and from the said appellee its damages by it sustained herein, by reason of the premises, (and) doth assess the damages of said appellant against appellee for the amount of the certificate of deposit, September 6, 1898, to the sum of $1688.50, with interest thereon at the rate of five per cent per annum from September 6, 1898, to date, amounting in all to the sum of $2315.44." The present appeal is prosecuted from such judgment of the Appellate Court.

The appellee here, the plaintiff bank below, located in California, was the legal holder and owner of a negotiable certificate of deposit for $1650.00, dated February 2, 1898, at Burr Oak, Michigan, issued by D. F. Parsons, cashier, and in the following words, to-wit: "This certifies that J. R. Wallace has deposited in this bank $1650.00, payable to the order of himself in current funds on the return of this certificate." The case in the court below was tried upon an agreed written statement of facts before the court without a jury, jury having been waived by agreement.

The following appears from such written stipulation of facts, to-wit: After February 2, 1898, and before September 6, 1898, Wallace endorsed the certificate and delivered the same to appellee. Appellee delivered it for collection to the National Bank of California at Los Angeles, endorsing it as follows: "Pay to the order of National Bank of California, Los Angeles, Cal.—The Bank of Whittier, Cal.; W. Hadley, Cashier." On September 6, 1898, the National Bank of California forwarded the certificate to appellant, the First National Bank of Chicago, its regular correspondent, for collection, and endorsed on the back of the same the following: "Pay to the order of the First National Bank, Chicago.—National Bank of California, Los Angeles, Cal.; A. Hadley, Cashier." Appellant forwarded the certificate to the Citizens' Savings Bank of Detroit, Michigan, for collection, endorsing the same as follows: "Pay to the order of Citizens' Savings Bank, Detroit, Mich.  Sept. 6, 1898.—

221—21

First National Bank, Chicago; R. J. Street, Cash." The Citizens' Savings Bank of Detroit was not the regular correspondent of appellant. At the same time and in the same enclosure appellant delivered to said Citizens' Savings Bank the following letter:

"Chicago, Ill., *Sept. 6, 1898.*

*"Citizens' Savings Bank, Detroit, Mich.:*

*"Dear Sir*—I enclose items as per statement below for collection and returns.

"Yours respectfully,

R. J. Street, *Cashier.*

"Protest all paper unless otherwise instructed.

"Burr Oak, $1650.00 and int. $38.50,—$1688.50."

Appellant at the same time and in the same enclosure forwarded and delivered to said Citizens' Savings Bank the following:

*"Citizens' Savings Bank, Detroit, Mich.:*

"We send this C-D for $1650.00 & int. to you for collection, as we note that you have a correspondent at Burr Oak, Mich. Please collect for us at your best rate of exchange, and oblige.

First National Bank,

9-6-'98.                        A., Chicago.

"Kindly take this ticket off before forwarding to Burr Oak."

At the time appellant delivered said certificate and the writings aforesaid accompanying the same, there was no bank at Burr Oak except the bank of the said D. F. Parsons, the maker of said certificate, and appellant at said time knew said fact and knew that said bank of D. F. Parsons was the correspondent at Burr Oak of said Citizens' Savings Bank of Detroit. September 7, 1898, said Citizens' Savings Bank of Detroit endorsed on said certificate the words and figures following: "Pay any bank or order," etc., and sent the certificate by mail to said D. F. Parsons at Burr Oak for collection. Parsons received said certificate and the writing accompanying the same at Burr Oak, Michigan, September 8, 1898. No part of the sum due on said certificate was ever paid, and on September 13, 1898, said Parsons made an assignment for the benefit of his creditors. His assets were not sufficient to pay more than eight per cent of his indebted-

ness.   On September 16, the appellant bank wrote to the Citizens' Savings Bank of Detroit as follows:

"You state that the Burr Oak item was promptly received by you and forwarded to Burr Oak for collection. Please be kind enough to give us the date of receipt, date when you sent, and also state whether the item was sent direct to Parsons or through some other agency at Burr Oak. Your early reply will greatly oblige.

"Yours very truly,

R. J. STREET,

C. KASTRUP."

On September 19, 1898, the cashier of the Citizens' Savings Bank wrote appellant's cashier as follows: "In answer to your inquiry of the 16th inst. regarding the Burr Oak item forwarded for collection, I will say that we received the certificate Sept. 7, and sent it the same day direct to Parsons, as per your instructions on a ticket attached to same. Not receiving notice of its payment, I wrote Sept. 12 asking him to report payment and remit, which he failed to do. I telegraphed you immediately as soon as I heard of his assignment, as requested by the slip attached. Your instructions to us were that you sent it to us for collection, as you note that we have a correspondent at Burr Oak, and, there being no other bank there, we were obliged to send it to the only collection agency known to us, and which you knew also was the only one when you sent it to us. I have written the assignee regarding the matter, and will notify you as soon as I receive reply." On September 21, the cashier of the appellant bank wrote in reply to the Citizens' Savings Bank as follows: "We have your favor of the 19th instant. In sending the item to you as we did, we supposed that it was intended to have the advantage of your knowledge of Parsons. We were aware that his was the only bank at Burr Oak, but we thought that you would know enough about him not to send to him an item on himself for $1650.00, unless you had and were warranted in having considerable confidence in him. You say nothing on this point. Kindly let us know how you regarded Parsons. Our correspondent in

Los Angeles is inquiring sharply of us to see if there is not some responsibility 'somewhere' for this loss." To the above letter the Citizens' Savings Bank replied as follows, on September 23, 1898: "In answer to yours of the 21st inst., regarding the certificate sent to D. F. Parsons, of Burr Oak, who recently failed, I would say that we have had entire confidence in Mr. Parsons' integrity and ability to pay. We had heard nothing detrimental to his financial standing; his rating is from $30,000.00 to $35,000.00 in Dun's, and we were at the time carrying $4000.00 of loans to him which was less than the original amount loaned him, and he had always been business-like in his dealings with us. If he had wanted to borrow money, we should have loaned it to him, and we had no intimation whatever that there was anything wrong there. I have requested the assignee to return the certificate unless he would remit for same."

Said certificate was not protested for non-payment, and no notice or protest of non-payment, except as appears from the foregoing correspondence, was given or attempted to be given to any of the endorsers thereof. J. R. Wallace, an endorser on the paper, was, during all the time herein mentioned solvent and financially responsible for the said sum. Subsequently to the 13th day of September, 1898, the First National Bank of Chicago, appellant herein, commenced a suit in the circuit court of Wayne county, Michigan, against the Citizens' Savings Bank of Detroit, Michigan, to recover the amount of said certificate, and filed its declaration, to which the Savings Bank filed a plea of general issue. The cause was tried upon the issue so made, and judgment was rendered on September 29, 1899, by said circuit court in favor of appellant, the First National Bank of Chicago, and against said Citizens' Savings Bank of Detroit for $1753.50, being the amount of said certificate with interest thereon from the date thereof at the rate of four per cent per annum. An appeal was taken by the savings bank from said judgment to the Supreme Court of Michigan, which is the court

of last resort in that State. The Supreme Court of Michigan rendered a judgment, reversing the said judgment of the circuit court of Wayne county, and filed an opinion found in 123 Mich. 336; 82 N. W. Rep. 66. In the trial of the Michigan cause, appellant's cashier testified among other things, as follows, to-wit: "Q. This red ticket states: 'We note you have a correspondent at Burr Oak.' Do you know who that correspondent was that you noted at that time?— A. There being only one bank at Burr Oak there could not be any question about it. He was D. F. Parsons." At all the dates and times mentioned above there was and is in common use among banks and bankers a register or list of banks throughout the country, and showing the regular correspondents of such banks.

In the written stipulation of facts is the following agreement: "It is agreed that this court may draw any inference of fact from the facts herein agreed, which a jury would be at liberty to draw from such facts, if proved by a trial."

After the plaintiff and defendant below rested, the plaintiff below, appellee here, submitted the following propositions to the court to be held as law in the decision of the case:

1. "A bank to which is given a note or other obligation for collection is not in the exercise of ordinary care when it sends such note or obligation to the payor for collection, but is guilty of negligence in so doing."

2. "A bank to which is given a note or other obligation for collection is not in the exercise of ordinary care when it sends such note or other obligation to some other bank or agency for collection with instructions to the effect that such other bank or agency shall or may forward the same to the payor for collection, but is guilty of negligence in so doing."

3. "The court finds that the defendant was guilty of negligence in respect to the collection of the certificate of deposit in question, which negligence was the proximate cause of loss to the plaintiff, to its damage to the amount of such certificate and interest."

4. "The court finds that the plaintiff is entitled to judgment in this case against the defendant, and in its favor, in the sum of $1650.00, with interest thereon at the rate of four per cent from February 2, 1898, to date." The court found and held propositions numbered 1 and 2 above set forth, but refused propositions numbered 3 and 4 above set forth, to which refusal and ruling plaintiff below then and there duly excepted.

Orville Peckham, for appellant.

Musgrave, Vroman & Lee, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

*First*—A bank, to which a note or certificate of deposit or other obligation is given for collection, is not in the exercise of ordinary care, when it sends such note or certificate of deposit or other obligation directly to the payor for collection, but is guilty of negligence in so doing. (*Drovers' Nat. Bank* v. *Packing Co.* 117 Ill. 100; 1 Morse on Banks and Banking,—4th ed.—p. 467; *First Nat. Bank* v. *Citizens' Savings Bank,* 123 Mich. 336; *German Nat. Bank* v. *Burns,* 12 Col. 539).

In the case at bar, the appellant bank received the certificate of deposit in question for collection. It sent the certificate of deposit for collection to the Citizens' Savings Bank of Detroit, Michigan. The Citizens' Savings Bank of Detroit, Michigan, was not the regular correspondent of the appellant bank in Detroit. The Citizens' Savings Bank forwarded the certificate of deposit to D. F. Parsons, a banker at Burr Oak, Michigan, Parsons being the maker and signer of the certificate of deposit, and his bank being the only bank at Burr Oak. It cannot be denied that, if the appellant had sent the certificate of deposit directly to Parsons, the maker thereof, for collection, it would, under the authorities above

referred to, be liable to the appellee in this action.  The question then arises whether, in sending the certificate to the Citizens' Savings Bank of Detroit, appellant gave such directions to said Citizens' Savings Bank in regard to the collection of the certificate, as amounted to an instruction to forward it for collection to Parsons, the maker of the certificate.

Counsel for appellant says in his brief : "We did not forward this item direct to Parsons, but, of course, if we induced the Citizens' Savings Bank to do so, we did what was in effect the same thing; and we do not deny that we should be liable to the plaintiff if that were the case."

The contention of the appellee is, that, when appellant forwarded the certificate to the Citizens' Savings Bank it instructed that bank, in substance, to send the certificate directly to Parsons, the payor, for collection; and it is certainly true that the Citizens' Savings Bank so understood the directions of appellant, and acted accordingly.  The letter of appellant accompanying the certificate was as follows :

*"Citizens' Savings Bank, Detroit, Mich.:*

"We send this C-D for $1650.00 & Int. to you for collection, as we note that you have a correspondent at Burr Oak, Mich.  Please collect for us at your best rate of exchange, and oblige.

FIRST NATIONAL BANK,

9-6-'98.                                                                A., Chicago.

"Kindly take this ticket off before forwarding to Burr Oak."

When this letter was sent, there was but one bank at Burr Oak, to-wit : the bank of D. F. Parsons, the payor, and appellant knew this fact, and knew that Parsons was the correspondent of the Citizens' Savings Bank at Burr Oak. From the letter of instructions, sent by appellant to the Citizens' Savings Bank in connection with the stipulated facts, it is quite apparent that appellant sent the certificate to the Citizens' Savings Bank to be forwarded by the latter to its correspondent at Burr Oak for collection; that the correspondent of the Citizens' Bank at Burr Oak was D. F. Parsons, the maker of the certificate; that appellant knew, at the time of sending the certificate, that Parsons, the payor,

was the correspondent at Burr Oak of the Citizens' Bank; that appellant authorized and substantially directed the Citizens' Bank to forward the certificate for collection to Parsons, the payor; that appellant knew, intended and understood that the certificate would be so sent by the Citizens' Bank; and that appellant clothed the Citizens' Bank with full authority to send the certificate of deposit for collection.

After the failure of Parsons, the appellant here brought an action against the Citizens' Savings Bank of Detroit to recover the amount of this certificate, and in *First Nat. Bank* v. *Citizens' Savings Bank,* 123 Mich. 336, the Supreme Court of Michigan passed upon this very question, in the following words: "The main question in this case, and in fact about the only question, is whether the defendant [Citizens' Savings Bank] was justified in sending the certificate directly to Parsons for collection. It is conceded by counsel for defendant that, in the absence of instructions to do so, it is negligence to send the collection directly to the drawer; and such negligence makes the sender liable for any loss resulting. We think this rule is sustained by the authorities: *Merchants' Nat. Bank* v. *Goodman,* 109 Pa. St. 428; *Drovers' Nat. Bank* v. *Anglo-American Packing and Provision Co.* 117 Ill. 100; *German Nat. Bank* v. *Burns,* 12 Col. 539; *First Nat. Bank of Evansville* v. *Fourth Nat. Bank of Louisville,* 56 Fed. Rep. 967. But it is contended that the instructions from plaintiff to defendant were to send the certificate of deposit directly to Parsons for collection; that this is to be gathered from the terms of the letter; that the direction, 'collect at your best rate of exchange,' implies this from the fact that there was no other bank at Burr Oak. We think in this defendant's counsel are correct. Any other mode of collection would not have been in compliance with instructions. The defendant could not send the certificate through the express company, as it could not be collected at the best rate of exchange in that way. The further direction, 'Kindly take this ticket off before forwarding to Burr Oak,'

is consistent only with the idea that the collection was to be sent directly to the Parsons bank. The plaintiff, in its letter forwarding the certificate, calls attention to the fact that the defendant has a correspondent at Burr Oak and then says: 'Please collect at best rate of exchange.' " Appellant did not send the collection to its own correspondent at Detroit, but sent it to the Citizens' Savings Bank, knowing that Parsons was the correspondent at Burr Oak of the Citizens' Savings Bank. It is a natural conclusion to be drawn from the evidence, and from the appellant's letter of instructions above quoted, that it expected the Citizens' Savings Bank to send the certificate for collection to Parsons, its Burr Oak correspondent.

Counsel for appellant correctly says that "the appellant bank did not expressly ask the Citizens' Savings Bank of Detroit to send the certificate to Parsons," but, while there was no express direction to that effect, the letter of instructions, taken in connection with all the other evidence, is capable of no other construction than that which is here given to it. It is insisted that, although appellant knew that the Citizens' Savings Bank of Detroit would transmit the certificate to Parsons, or supposed that the Citizens' Savings Bank would very likely transmit it directly to Parsons, yet appellant cannot be held liable in this action on that account. In support of this contention appellant refers to the case of *Wilson* v. *Carlinville Nat. Bank,* 187 Ill. 222; but a careful examination of that case will show that it differs widely from the case at bar, in that, in the *Carlinville case,* there was evidence tending to show a long-established custom "of collecting banks to transmit directly to their correspondent out-of-town banks, for collection, checks drawn upon such out-of-town banks and in their hands for collection, in cases where there is no other bank in such towns." In the case at bar, no such custom was shown, and, in order to justify proof of such custom, it was necessary to allege it by special plea, which was not done in this case. In the *Carlinville case* also

the check was sent for collection to the regular correspondent of the collecting bank, but here appellant did not send the certificate of deposit for collection to its own correspondent, but sent it to an outside bank, accompanied by such directions as necessarily put it into the hands of the maker of the certificate. Moreover, in the *Carlinville case,* the owner of the check, who deposited it for collection, lived in the vicinity of the banks concerned, and was familiar with the manner, in which such collections were made, and knew that the Citizens' Bank of Gillespie, on which the check in that case was drawn, was the only bank in that place.

The rule is invoked by appellant that a bank, which receives for collection a note or draft to be presented for payment at a place other than that in which the bank is located, discharges its duty if it forwards the item in due season to a suitable agent at the place of payment, or on the way thereto; and that such sub-agent, if selected with due care, is the agent of the owner of the item, and the transmitting bank is not liable for his negligence or default. (*Waterloo Milling Co.* v. *Kuenster & Co.* 158 Ill. 259; *Wilson* v. *Carlinville Nat. Bank,* 187 id. 222; *Ætna Ins. Co.* v. *Alton City Bank,* 25 id. 221; *Drovers' Nat. Bank* v. *Provision Co.* 117 id. 100). We have no fault to find with the rule thus laid down that the sub-agent in such cases, when chosen without negligence and without any interference with its discretion, becomes the agent of the holder of the draft or certificate and not of the bank with which it is deposited for collection. But in the present case the evidence tends to show that the appellant, as the collecting bank, did interfere with the discretion of the sub-agent by giving him what amounted to an instruction to send the certificate for collection to the maker thereof. There was something more here than merely an expectation by the appellant that the sub-agent might send the certificate for collection to the maker thereof. This whole question is disposed of by the decision of the Supreme Court of Michigan, as above quoted.

We concur with the Appellate Court in its opinion deciding this case wherein it says: "We think that the papers forwarded by the defendant bank to the Citizens' Bank with the certificate, construed in the light of facts and circumstances known to both banks, authorized the Citizens' Bank to forward the certificate to Parsons for collection, and that in giving such instructions the defendant bank was guilty of the negligence charged in the declaration."

*Second*—There is another reason why the judgment of the Appellate Court in this case should be affirmed aside from any of the considerations heretofore presented. That reason is that, in its final judgment, the Appellate Court has made a finding of facts and has found the material fact in the case against the appellant. The judgment, entered by the Appellate Court, as will be seen by reference to it as set forth in the statement preceding this opinion, makes the following finding, to-wit: "And the court upon the allegations and proofs, in the record in this cause contained, doth find as a fact that the defendant and appellee, the First National Bank of Chicago (appellant here), negligently authorized and directed the Citizens' Savings Bank of Detroit, Michigan, to send the certificate of deposit mentioned in the declaration herein to D. F. Parsons, its maker, for collection, as . charged in the declaration herein."

As has already been stated, the question of fact in this case was whether or not the appellant, the First National Bank of Chicago, was guilty of negligence in directing the certificate of deposit to be sent to Parsons, the maker thereof, for collection. The argument of appellant's counsel is directed to the question of fact, whether or not the appellant induced the Citizens' Savings Bank to forward the certificate of deposit to Parsons. The Appellate Court in its final judgment has found the question of fact thus involved against the appellant, that is to say, has found that the appellant was guilty of negligence in the respect thus indicated. The errors assigned are, that the Appellate Court erred in not

finding the issue for the appellant and rendering judgment accordingly, and in finding the issue for the appellee and rendering judgment in its favor. The issue involved was none other than an issue of fact, that is to say, whether or not there was negligence on the part of appellant.

In addition to this, by the terms of the written stipulation of facts it was agreed that the court might draw any inference from the facts agreed, which a jury were at liberty to draw from such facts if proved by a trial. The only inference of facts, which it was possible for the court to draw, was the question whether there was negligence or not on the part of the appellant in the respect above specified.

The finding of fact in question by the Appellate Court, as above recited, is conclusive upon this court. (*Hogan* v. *Chicago and Alton Railroad Co.* 208 Ill. 161; *City of Chicago* v. *Smith,* 204 id. 356; *Bolton* v. *Johnston,* 163 id. 234).

In *Hogan* v. *Chicago and Alton Railroad Co. supra,* we said: "Where a judgment is reversed by the Appellate Court without remanding, on the ground that that court finds the facts differently from the finding of the trial court, and the judgment of said Appellate Court contains a sufficient and proper finding of facts, the only question then remaining for the consideration of this court is whether the judgment entered by the Appellate Court is supported by the ultimate facts found by it. In other words, do the findings of fact by the Appellate Court support its judgment? This court is concluded upon the questions of fact by the finding of the Appellate Court."

It is claimed, however, in behalf of the appellant, that section 87 of chapter 110 of the Revised Statutes has no application to this case, upon the alleged ground that the Appellate Court has not here made a finding of facts concerning the matter in controversy different from the finding of the trial court. In other words, it is said that here there is a written stipulation by the parties, by the terms of which the facts are agreed to, and, therefore, the case at bar does

not come within the rule laid down by the decisions of this court, which interpret said section 87. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3114).

It is to be observed, however, that the facts, embodied in the written stipulation, are merely the evidentiary facts, whereas the fact found by the Appellate Court is the ultimate fact. The question whether or not the appellant bank was guilty of negligence in directing the certificate to be sent to Parsons, the maker of it, for collection, could only become a question of law where but one conclusion could be drawn from the evidence by all reasonable minds. (*Browne* v. *Siegel, Cooper & Co.* 191 Ill. 226). Where the facts agreed upon are merely evidentiary, the finding of the Appellate Court upon the ultimate fact is binding upon this court. The fact, that the evidentiary facts in a given case are agreed upon, does not so far eliminate all issue of facts, as to leave only an issue of law, because different minds may draw opposite conclusions from a stipulated set of facts.

In *Hogan* v. *Chicago and Alton Railroad Co. supra,* we said: "Although the facts, outside of the simple question of whether appellant suffered damages, and the extent thereof, were covered by a stipulation between the parties, we are not permitted to examine the stipulation and determine for ourselves the facts, but must accept them as found by the Appellate Court."

In *Bolton* v. *Johnston, supra,* where the action was to recover damages for a breach of contract, a jury was waived and the cause submitted to the trial court upon an agreed statement of facts, and it was contended by appellant that "the facts were agreed upon and there were no controverted facts upon which the Appellate Court was called upon to pass," for which reason it was claimed that the matter was open as a question of law in the Supreme Court, but this court there said: "Where the facts alleged in the declaration, upon which the cause of action is predicated, are put in issue by pleas interposed by the defendant in the action, the ques-

tions, raised by the pleadings, may be regarded as contro-
verted questions of fact, although the evidence introduced
in the trial may be agreed upon and embodied in a stipula-
tion of facts."

In *City of Chicago* v. *Smith, supra,* we also said: "It
was the duty of the circuit court, in the first instance, to
weigh and balance these evidentiary facts and declare the
ultimate fact, and the Appellate Court constituted the final
tribunal for the weighing and balancing of such evidentiary
facts, and the determination of the ultimate fact established
thereby. We cannot go behind the finding of the Appellate
Court and consult the stipulation, in order to enter upon an
investigation of the question, whether the circuit court or
Appellate Court correctly determined the controverted ques-
tion of fact, upon which the right of the litigants depended.
The only question open for our determination on this record
is whether the Appellate Court, in rendering its judgment,
properly applied the principles of law applicable to the final
fact, found by it to be established by the stipulated facts."

For the reasons above stated, the judgment of the Ap-
pellate Court is affirmed.                    *Judgment affirmed.*