WINGFIELD, Public Examiner, Appellant, v. SECURITY NA-
TIONAL BANK, of Sioux Falls, Respondent.

(162 N. W. 309.)

(File No. 4052.    Opinion filed April 2, 1917.    Rehearing denied
May 23, 1917.)

1.  **Banks and Banking—Bank Checks, Collection of—Presentation
to Payor Bank, Not Through Collector—Negligence.**

Where bank checks were sent by one holding bank, which
sent them to another bank for collection and credit, which latter
bank, instead of sending them to the express company in the
town of payor bank, there being no other bank in said town,
sent them direct to payor bank, which remitted its draft on a
fourth bank, such draft being dishonored, held, that the col-
lecting bank was negligent in sending checks directly to payor,
it appearing that if they had been sent to the express company
they could and would have been presented for payment and paid
in cash; which rule applies with additional force in the case
of cashier's check.

2.  **Same—Checks on Insolvent Banks—Ignorance of Insolvency by
Collecting Banks—Presumption of Non-payment, When Ap-
plicable.**

Although it will be presumed that an insolvent bank would
refuse payment of a presented check, such legal presumption
has no standing against an admitted fact; and where it is
admitted that payor bank, though insolvent, would have paid
the checks in cash if presented and cash demanded, but,
through negligence of collecting bank, they were sent directly
to payor bank instead of being sent to an express company in
the same town (there being no second bank therein), and were
not paid, the presumption in question would not apply; and
collecting bank was liable to holder of checks, who did not
know of insolvency of payor bank on the day when the checks,
if properly presented, would have been paid.

3.  **Same—Negligence of Collecting Bank, Consequent Loss—Burden
of Proof re Diligence.**

In a suit by holder of bank checks against collecting bank,
for negligence in presenting checks to payor bank for payment,
the collecting bank has burden of proving due diligence on its
part, or of establishing that the loss would have been the same
if it had used due diligence.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH
W. JONES, Judge.

Action by J. L. Wingfield, as Public Examiner, and Ex-
Officio Superintendent of Banks and Trust Companies, against
the Security National Bank of Sioux Falls, S. D., to recover for

the amount of checks alleged to have been improperly presented by defendant bank for payment. From an order sustaining demurrer to the complaint, plaintiff appeals. Reversed.

*Edward E. Wagner,* for Appellant.

*Aikens & Judge,* for Respondent.

(1.) To point one of the opinion, Appellant cited: Pikney v. Kenawaha Valley Bank, (W. Va.) 23 Ann. Cases 115; Minneapolis Sash & Door Co. v. Metropolitan Bank, (Minn.) 44 L. R. A. 504, 78 N. W. 980; Farley National Bank v. Pollock (Ala.) 8 Ann. Cases, 370; Pickett v. Baird Investment Co. (N. D.) 133 N. W. 1026; Fanset v. Garden City Bank, 24 S. D. 248; Jefferson County Bank v. Hendricks, (Ala.) 1 L. R. A. (N. S.) 246; Givan v. Bank, (Tenn.) 52 S. W. 923, 47 L. R. A. 270; Anderson v. Rogers, (Kan.) 27 L. R. A. 248, 36 Pac. 1067.

(2.) To point two of the opinion, Appellant cited: Lamro State Bank v. Farmers State Bank of Winner and J. L. Wingfield, Public Examiner, 34 S. D. 417.

WHITING, J. Appeal from an order sustaining a demurrer to a complaint. The following is a statement of the facts admitted by the demurrer. Bank A, holding two checks against Bank B (one a cashier's check executed by bank B), sends them to Bank C for collection and credit. In the town where bank B was located, there was no other bank, but there was an office of an express company, which company was engaged in the business of collecting and transmitting money. Instead of sending the checks to the express company for purpose of collection, bank C sent them direct to bank B, which bank remitted its draft on bank D in payment of such checks. This draft was dishonored. If bank C had sent the checks to the express company, the same could and would have been presented for payment on November 10th. Up to November 13th bank B paid all checks and demands drawn and made upon it, and it would have paid these checks in cash if they had been presented and payment in money demanded on or before November 13th. Bank B was insolvent on November 10th, at the time said checks could, in regular course of business, have been presented by the express company, and it has remained insolvent and unable to pay its obligations in full. On November 13th it passed into the charge of the public ex-

aminer. Bank A passed into the charge of the public examiner prior to the bringing of this action.

Appellant claims that bank C is liable for the amount of said checks, owing to its negligence in sending said checks to the payor bank and accepting from it a draft instead of sending the checks to the express company and thus procuring cash. Respondent claims: First, that it was not negligent in sending the checks direct to payor bank; second, that, inasmuch as the payor bank was in fact insolvent when such checks would have been presented if presented by the express company, the payor could not rightfully have paid such checks in full, and therefore appellant has suffered no damage.

[1] That it was negligence for bank C, under the admitted facts, to send the checks to the payor bank is clearly the law. 3 R. C. L. 627; Michie, Banks and Banking, 1045; Winchester Milling Co. v. Bank of Winchester, 120 Tenn. 225, 111 S. W. 248; 18 L. R. A. (N. S.) 441, and note; Givan v. Bank of Alexandria (Tenn.) 52 S. W. 923, 47 L. R. A. 270; Pinkney v. Kanawha Valley Bank, 68 W Va. 254, 69 S. E. 1012, 32 L. R. A. (N. S.) 987, Ann. Cas. 1912B, 115, and note; First Nat. Bank v. Bank of Whittier 221 Ill. 319, 77 N. E. 563, 5 Ann. Cas. 653, and note; Farley Nat. Bank v. Pollock, 145 Ala. 321, 39 South. 612, 2 L. R. A. (N. S.) 194, 117 Am. St. Rep. 44, 8 Ann. Cas. 370, and note; Carson, Pirie, Scott & Co. v. Fincher, 129 Mich. 687, 89 N. W. 570, 95 Am. St. Rep. 449. This rule applies with additional force in the case of the cashier's check. First Nat. Bank v. Bank of Whittier supra, and notes 5 Ann. Cas. 658; Anderson v. Rogers, 53 Kan. 542, 36 Pac. 1067, 27 L. R. A. 248.

[2] It appears that the decision of the trial court sustaining the demurrer to the complaint was based upon the holding of this court in Lamro Bank v. Bank of Winner, 34 S. D. 417, 148 N. W. 851. In that case this court held that, when a check upon an insolvent bank is presented for payment, the holder of such check is "entitled to only its pro rata share with the other creditors in the assets of the * * * bank." We also held that it would be presumed that an insolvent bank would refuse payment if a check was presented. A legal presumption has no standing as against an admitted fact. Here it is admitted that the payor bank, though

insolvent, would have paid the checks in cash if such checks had been presented and cash demanded. There is nothing to show that either bank A or C knew of the insolvency of bank B prior to November 13th. If neither of the other banks knew of such insolvency on November 10th and bank B had paid the checks, other creditors of bank B could not have held bank A liable to restore the proceeds of same to the insolvent bank. · Michie, Banks and Banking, 507; 3 R. C. L. 646; Livingstain v. Columbian Bkg. & T. Co., 81 S. C. 244, 62 S. E. 249, 22 L. R. A. (N. S.) 445; Stone v. Jenison, 111 Mich. 592, 70 N. W. 149, 36 L. R. A. 675; McGregor v. Battle, 128 Ga. 577, 58 S. E. 28, 13 L. R. A. (N. S.) 185.

[3] It follows that bank C is liable under the facts conceded. It is incumbent on it to prove facts establishing due diligence on its part or else to establish that the loss would have been the same if it had used due diligence. 3 R. C. L. 628; Michie, Banks and Banking, 1407; cases cited in note 8 Ann. Cas. 373; cases cited in note Ann. Cas. 1912B; 123.

The order appealed from is reversed.