## G. N. Wagner & Bro., Appellants, *v.* L. B. Crook.

*Banks and banking—Checks—Negligence—Collection—Sending check to drawee.*

Where bankers, the drawees of a check, receive it direct from another bank, which is acting as agent of the payee for its collection, the drawees having in their hands sufficient funds of the drawer to pay it, and they neglect to pay it, and subsequently fail, the sending the check direct to the drawees is such negligence in the agent bank as will prevent the payee from recovering the amount of the check from the drawer.

In such case if the drawer, on a misrepresentation of facts by the payee, send him a duplicate check at his request, it will not affect the status of the parties so as to enable the payee to recover.

Argued March 20, 1895.   Appeal No. 269, Jan. T., 1895, by plaintiffs, from judgment of C. P. Susquehanna Co., Aug. T., 1891, No. 356, for defendant on case stated.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Case stated for the opinion of the court in the nature of a special verdict in an action of assumpsit.

The material portions of the case stated appear by the opinion of SEARLE, P. J., which was as follows:

" The parties in the above entitled case have agreed upon the facts, and submitted them to the court, in a case stated in the nature of a special verdict.

" The facts necessary for the determination of the case are briefly as follows :

" October 1, 1889, defendant was indebted to plaintiffs in the sum of $140.   On that day he sent his check for that amount drawn upon Summers & Hayden, bankers, doing business at New Milford, Pa., to plaintiffs by mail directed to their place of business, Grand Rapids, Michigan.   This check was received by plaintiffs, Oct. 3, 1889, and same day deposited in a bank for collection.   This check passed in the usual course of collection to the Girard National Bank of Philadelphia, Oct. 8, 1889. Same day the Girard National Bank sent this check by mail directly to the drawees, Summers & Hayden, for collection. Said Summers & Hayden received it in due course of mail Oct. 9,

1889, during business hours, at their banking house in New Milford, Pa.

"Said Summers & Hayden, upon receipt of this check, laid it aside, neither charging it to the account of defendant, nor protesting it, nor sending the check or the amount of it to the Girard National Bank.

"Dec. 16, 1889, Summers & Hayden made an assignment for the benefit of their creditors, and plaintiffs have never received any money upon said check, or from the defendant, upon the original indebtedness. At the time the defendant sent this check to plaintiffs he had more than sufficient money upon deposit with Summers & Hayden, subject to check, to pay this check, which remained upon deposit with them, subject to this check, up to their failure Dec. 16, 1889, and defendant has never received or demanded the same from Summers & Hayden or their assignee, and the reason of the non-payment of this check was the negligence of Summers & Hayden.

"Nov. 4, 1889, plaintiffs wrote defendant as follows:

"'L. B. CROOK, Hallstead, Pa., Dear Sir:—

"'Your check, $140.00, to us on account was deposited in the Fourth National Bank, who forwarded the same to their correspondents. It seems that it was lost in the mails, and the Bank now wish to procure a duplicate. Will you please forward the same to us or the Bank as desired? We inclose the letter from the Fourth National Bank, requesting as above.

"[sgd.]     'G. N. WAGNER & BROTHER.'

"Dec. 14, 1889, plaintiffs wrote defendant as follows:

"'L. B. CROOK, Hallstead, Pa., Dear Sir:—

"'Some time ago the Bank requested us to ask you for duplicate check which you sent us on account car of shingles. The check was $140.00 on Summers & Hayden, New Milford, Pa. Our Bankers have called on us again for same. Will you kindly favor us with duplicate, and oblige,

"[sgd.]     'G. N. WAGNER & BROTHER.'

"These letters were mailed the day they were written, and received by defendant each two days thereafter. Defendant, soon after receiving the last letter, sent a duplicate check to plaintiffs.

" Summers & Hayden closed their place of business and made an assignment before this last check could have been presented for payment at their bank in the usual course of collections.

" The holder of a bank check assumes the duty of presenting it to the bank upon which it is drawn, and demanding payment of it within a reasonable time, and if he neglects so to do, and the bank fails after the time within which it ought to have been presented, the loss is to be born by the holder, by reason of his negligence which occasioned the loss: McIntyre v. Kennedy et al., 29 Pa. 448; Kilpatrick v. B. & L. Association, 119 Pa. 30.

" It was admitted upon the argument that this check was presented in due time at the banking house of the drawees, Summers & Hayden, but it was claimed that the holder by his agent, The Girard National Bank of Philadelphia, was negligent in sending this check by mail directly to the drawees, Summers & Hayden; that by so doing they made Summers & Hayden their agent and became responsible for the admitted negligence of Summers & Hayden in not paying the check from funds of the drawer in their hands for that purpose.

" In the case of The Merchants' National Bank of Philadelphia v. Goodman et al., 109 Pa. 422, Harrington & Goodman deposited with the Merchants' National Bank of Philadelphia, a check drawn by Ruhman & Co. on the Mississippi Valley Bank, doing business at Vicksburg, Mississippi, for $489.20. The same day the Merchants' Bank remitted this check by letter directly to the drawees, the Mississippi Valley Bank, requesting payment. The cashier of Mississippi Valley Bank mailed to the Merchants' Bank a letter inclosing in payment of this check a draft of the Mississippi Valley Bank upon the Hanover National Bank of New York city to the order of cashier Merchants' Bank for the amount of the check. The Mississippi Valley Bank was doing business at the time this draft was sent, but failed a few days after, and the draft drawn by them on the Hanover National Bank was not paid. The check sent by Merchants' Bank to Mississippi Valley Bank was by the Valley Bank charged to drawers' account and canceled when draft on Hanover National Bank was sent to Merchants' Bank.

" Harrington & Goodman brought suit v. Merchants' Bank

for amount of check deposited for collection, Merchants' Bank having charged the amount of the check back to their account upon notice of nonpayment of the draft.

"The case was submitted upon a statement of facts, and judgment entered for Harrington & Goodman. ALLISON, P. J., wrote an elaborate opinion, in which he reviewed all the authorities upon the question at issue. The case was carried to the Supreme Court and affirmed upon the opinion of Judge ALLISON. In his opinion Judge ALLISON sums up the principles which governed the case as follows:

"'The weight of authority preponderates greatly in support of the doctrine that it was the duty of the defendant to transmit to a suitable agent to collect, and it seems to us that the Mississippi Valley Bank, on whom the check was drawn, was in no sense a suitable agent to demand payment against itself; its interest was plainly to delay instead of speeding payment. The defendant put it in the power of the Mississippi Valley Bank to do what it pleased with the check, and that which it did please to do, on the eve of insolvency, was to cancel and surrender the check, and to transmit, not money, but a worthless draft in payment.

"'We think the principle may be stated as a true one, as the plaintiff's counsel have presented it, that no firm, bank, corporation or individual, can be deemed a suitable agent, in contemplation of law, to enforce in behalf of another a claim against itself.

"'The only safe rule is to hold that an agent with whom a check or bill is deposited for collection, must transmit to a suitable subagent to demand payment in such manner that no loss can happen to any party, whether he be depositor and indorser, or the indorsee and holder. In this instance had the demand for payment been made by such agent, the amount of the check would have been collected over the counter of the Mississippi Valley Bank. It was doing business on the 19th day of November, 1883, and the cancellation of the check on that day shows there was money of the drawer in bank sufficient to pay the check.

"'We interpret the cases to which we have referred as establishing the rule of transmission to a suitable correspondent or agent to mean that such suitable agent must, from the nature

of the case, be some other than the party who is to make the payment. By no other rule can the rights of indorsers be pro‑ tected, if it is the interest of the party who is to make payment to hinder, postpone or defeat payment. This imposes no hardship on the institution undertaking to transmit for collection, which can always protect itself by stipulating that special instructions shall be given, which will save the collecting bank from all risk or peril.'

" As regards the liability of the Girard National Bank to the plaintiffs, this case of Harrington & Goodman v. Merchants' National Bank rules the question; the cancellation of the check and sending of a worthless draft in payment of it is no worse a breach of duty or negligence than keeping possession of the check and neglecting or refusing to notify the sender of its reception, and the Girard National Bank, under the facts in this case stated, would be liable to the plaintiffs for the amount of the check, lost by their negligence in transmitting it to Summers & Hayden, the payees of the same for collection, Summers & Hayden having money on deposit with them belonging to the drawer to pay the same, but instead of paying the check they retaining the same.

" As between the maker and the payee of this check, the Girard National Bank was the agent of the payee, and the negligence of the bank in sending the check to Summers & Hayden for collection instead of to a suitable agent, was the negligence of the payee, and the loss of the amount of the check was therefore caused by this negligence of the payee.

" It has been held that the neglect of the payee of a check to cause the same to be presented to the drawee for payment within a reasonable time, where the check has been given to apply upon a debt of the maker, and a loss is occasioned by such neglect, converts the acceptance of the check, from a con‑ ditional payment of the indebtedness into an absolute payment of the same. The rule rests upon the loss occasioned by the neglect of the payee to use due diligence.

" I have been unable to find any case exactly in point; but cannot draw a distinction between a loss occasioned by neglect to use due diligence in transmitting for collection, and a loss occasioned by a neglect to perform the equally essential duty of having the check presented to the drawee for payment by a suitable agent.

"The sending of a duplicate check, under the circumstances of this case, cannot affect the status of the parties; the check was sent upon representation which proved to be untrue, and would not have been given had the actual facts been known.

"Judgment is therefore directed to be entered for the defendant."

*Error assigned* was in entering judgment for defendant.

*Edson W. Safford,* for appellant, cited: Hallowell & Co. v. Curry, 41 Pa. 327 ; Shoemaker v. Mechanics' Bank, 59 Pa. 79; Moyer & Bros. App., 87 Pa. 129; Oxnard v. Varnum, 111 Pa. 193 ; 3 Randolph on Commercial Paper, sec. 1133, p. 124 ; 3 Kent Com., 13th ed., p. 93, chap. 44; Hazlett v. Commercial N. Bank, 132 Pa. 118; Williamsport Gas Co. v. Pinkerton, 95 Pa. 62; McIntyre v. Kennedy, Childs & Co., 29 Pa. 454 ; State Bank of Midland v. Byrne, 56 Northwestern Rep. 355.

*Miller S. Allen,* for appellee, cited: 2 Morse on Banks and Banking, 419; Mechanics' Bank v. Earp, 4 Rawle, 384; Case v. Morris, 31 Pa. 100; Flemming v. Denny, 2 Phila. 111; Morse, Banks & Banking, 2d ed. 284; 3 Randolph on Com. Paper, sec. 1198; Wood's Byles on Bills and Notes, 436, 437, 447 ; 3 Randolph on Com. Paper, secs. 1378, 1379 ; Loose v. Loose, 36 Pa. 538 ; Wharton's Agency and Agents, sec. 177.

PER CURIAM, April 1, 1895 :

This appeal is from the judgment entered in favor of the defendant on the case stated. All that need be said in vindication of the correctness of the judgment will be found in the opinion of the learned president of the court below. For reasons given by him the judgment was rightly entered, and should not be disturbed.

Judgment affirmed.