[Farley National Bank v. Pollock & Bernheimer.]

# Farley National Bank *v*. Pollock & Bernheimer.

*Action against Bank for Failure to Collect Check.*

[DECIDED Nov. 16, 1905, 39 So. REP. 612.]

1. *Banks and Banking; Agency; Sub-collecting Agent; Selection.*—
   A bank which undertakes to collect a claim, although by cus-
   tom it may be allowed to employ sub-collecting agents, is
   bound to select its sub-collecting agent with judgment and care.
2. *Same; Customs; Collection of Checks.*—A custom which author-
   izes a bank, to whom a check is sent for collection, to send it
   to the bank upon which it is drawn, for collection, as the for-
   warding bank's agent, is unreasonable and bad; and the bank
   so sending is liable for any damages to the payee of the check
   resulting from such action.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

This is an action begun by Pollock & Bernheimer
against the Farley National Bank to recover the amount
of a check sent to said bank for collection. The com-
plaint is as follows: The plaintiff claims of the defend-
ant the sum of two hundred forty-six and 20-100 dol-
lars, with interest from- to-wit, the 15th day of October,
1901, for that heretofore, to-wit, on the 14th day of Oc-
tober, 1901, the plaintiffs, through the City National
Bank, as their agent, forwarded for collection to the
Farley National Bank, at that time a corporation en-
gaged in the banking business a check drawn on the 12th
day of October, 1901, by A. D. Johnson & Co., upon the
Eufaula National Bank in favor of the plaintiffs and it
thereby became the duty of the defendants to forward
said check to some reliable person or corporation, other
than the said Eufaula National Bank, for collection, but
wholly disregarding its duty in the premises, the defend-
ant wrongfully forwarded said check to the said Eufaula
National Bank for collection, and the said Eufaula Na-
tional Bank, instead of paying said check in money, re-

21

[Farley National Bank v. Pollock & Bernheimer.]

turned to the defendant, in lieu of said check, exchange drawn by it on a bank or banking house in the City of New York, and the defendant, in violation of its duty as aforesaid, accepted said exchange and forwarded the same for collection in New York, but before said exchange was presented in New York the said Eufaula National Bank failed, and because of its said failure payment of its draft on New York was refused, whereby the defendant wholly lost said sum of two hundred and forty-six and 20-100 dollars, although at the time of the presentation of said check to the said Eufaula Bank, it was able to pay and would have paid said sum in money had said check been presented to it and such payment demanded by any reliable person authorized to collect the same.

The second count was similar to the one above set out.

Defendant demurred to the complaint for that no contractual relations are shown between complainant and defendant. No facts are set forth in said counts showing why it became the duty of the defendant to forward said check for collection to some reliable person or corporation in Eufaula, other than the Eufaula National Bank. It is not alleged that there are or was any other reliable bank or person in Eufaula to whom defendant might have sent the check for collection. It is not alleged that defendant breached any duty it owed as the agent of the City National Bank of Mobile. It is not shown that this defendant had any cause to believe that payment of the New York draft delivered to it by the Eufaula Bank would not be paid, as averred in the complaint. The facts alleged do not show any breach of duty which the defendant owed the plaintiff. It was not negligence per se for the defendant to send the check in question to the Eufaula National Bank for collection. No facts are set forth in said complaint showing how or wherein this defendant wrongfully accepted and forwarded to New York for collection the draft of the Eufaula National Bank taken in payment of the check of the plaintiffs. These demurrers being overruled, the defendant pleaded the general issue and the following special pleas. 2. That on and for several years next preceding October

21st, 1901, it was the general prevailing custom and
usage among banks and banking institutions in the City
of Montgomery, Alabama, when items on points other
than Montgomery were sent to banks in the City of
Montgomery from banks at other points "for collection
and remittance" or "for collection and credit," in cases
where such items were drawn upon, or to be paid by or
at a correspondent bank of such receiving bank, for the
latter to send such items, unless otherwise directed, by
mail for collection and remittance, direct to such corre-
spondent bank, when such correspondent bank was re-
puted to be in good financial condition, and to receive
therefrom the latter's New York draft, commonly called
New York exchange, and to forward such draft or ex-
change to New York for collection, and in the event of
the dishonor of such draft or exchange, to charge the
amount back to the initial or forwarding bank, where
credit therefor had been previously given, and such loss,
if any, as between the forwarding bank and receiving
bank, being assumed and borne by the former; that
during the period aforesaid the defendant was engaged
in the general banking business in the city of Montgom-
ery, and the said check was forwarded to it there by said
City National Bank.  And this defendant avers that at
the time of, and for several years next preceding the re-
ceipt by it of the check involved in this proceeding, the
Eufaula National Bank was the correspondent bank of
and for this defendant in the vicinity of Eufaula Ala-
bama; that said bank was generally reputed to be in
good financial standing when this defendant forwarded
to it the check in question for payment  and remit-
tance, as also at the time this defendant forwarded to
New York the New York draft or exchange.  That this
defendant never received from the City National Bank
of Mobile, or from any other source any special instruc-
tions to pursue any particular course or method in the
collection of said check, nor did this defendant have any
notice that the said City National Bank of Mobile, or
the plaintiffs desired this defendant to adopt or pursue
any particular course in the collection of the check, other
than the sual and customary method.  3. (Adopts all of

plea 2, and adds.) That on and for several years next preceding the said 21st day of October, 1901, this defendant was the regular correspondent bank, or one of the regular correspondent banks, of and for the City National Bank of Mobile, Alabama, for the collection of checks, drafts, bills of exchange, notes and the like at Montgomery, Ala., and in its vicinity, in which vicinity was the city of Eufaula, wherein was located the Eufaula National Bank, and during which said period the said Eufaula National Bank was the correspondent for like purposes, at Eufaula and its vicinity, of and for this defendant bank, this defendant sending to the said Eufaula National Bank its own, as well as other items, for collection at Eufaula and its vicinity, that when the said City National Bank of Mobile first opened an account with said Farley National Bank, and upon the beginning of their business relations there was, and has ever been, a rule of business conduct or course of dealings of this defendant, of which the said City National Bank of Mobile had notice, to the effect that in undertaking the collection of items on banks at points other than Montgomery, this defendant would do so only on condition that it should use its best judgment in selecting sub-agencies, and that it would assume no responsibility by reason of omission, neglect or default of sub-agencies handling collections on other points until remittances were received and payment therefor actually made; and this defendant further avers that in handling the items received by this defendant for collection and mentioned in the complaint, this defendant used its best judgment in selecting such sub-agencies. 4. (Same as plea 3 down to and including the words in the latter part thereof "remittances were received and payment therefor actually made," and adds.) This defendant further says that the said Eufaula National Bank was generally reputed to be in good financial standing as a banking institution when this defendant forwarded to it the check received from the City National Bank for collection, as also at the time this defendant forwarded the New York draft or exchange it received from said Eufaula National Bank, and that this defendant had no notice or knowl-

edge to the contrary, nor did it have notice of any fact or circumstance prior to the suspension of the said Eufaula National Bank, on to-wit, October 21st, 1901, that would have charged it with notice that the said Eufaula National Bank was insolvent, or in any way financially embarrassed or irresponsible and this defendant, in sending to the said Eufaula National Bank for collection the item mentioned in the complaint, used its best judgment in selecting an agency for the collection thereof.   5. That the method pursued by this defendant in the collection of said check was pursuant to a general custom or usage then prevailing among banking institution in the city of Montgomery, Alabama.   6.   Sets up the general custom among banks in the state to send items for collection drawn on correspondent banks to such correspondent banks for remittance, and to receive therefor New York exchange, so long as the financial standing of such correspondent banks are reputed good, alleges that this custom is known to all the banking institutions in the state and known to the City National Bank of Mobile, and that the receiving bank should assume no responsibility for such collections until they have been actually paid to such bank, and the other necessary averments as to the reputed condition of the Eufaula Bank.   The averments are practically those contained in plea three made applicable to a general state custom.   Pleas seven and eight are in elaboration of the other pleas herein set out, and in addition to the prevailing custom therein set up, asserted that plaintiffs were aware of the fact, when their agents delivered the item to the defendant bank for collection, that the course pursued would be pursued, unless instructions were given to the contrary, that no such instructions were given, and therefore plaintiffs acquiesced in the course pursued, and could not complain.

Demurrers were sustained to these pleas, and the defendant declined to plead further, whereupon judgment was rendered against it for the amount claimed and interest.   From this judgment this appeal is taken.

STEINER, CRUM & WEIL, for appellant.—No privity exists between the plaintiff and defendant, and the plain-

tiff cannot maintain this action.—3 A. & E. Ency. of Low, 810, and cases cited.

It is a principle maintained by many of the courts that when a depositor or owner of a security deposits it with a bank located remotely from the place of payment, he thereby impliedly gives the bank authority to employ another reputable bank located at or near the place of payment to make the collection, and in such case, the collecting bank becomes the agent of the owner, and the receiving bank rests under no liability to the owner, unless and until the money comes actually into its hands. Losses in respect of collections resulting from defaults or failure of the collecting bank falls upon the owner.— *Eufaula Grocery Co. v. Missouri National Bank,* 118 Ala, 408; *Morris v. Bank,* 4 Banking Cases 218, 50 Atl. 1000. In view of the fact that the custom and usage pleaded violates no statute and no fixed rule of law or public policy, and in view of the further fact that custom constitutes the law merchant, there is no reason why this custom or course of dealing should not be upheld. —1 Morse on Bank (4 Ed.) p. 28; Ib. p. 448; *Eufaula Grocery Co. v. Missouri National Bank, supra; Wilson v. Carlinville National Bank,* 57 L. R. A. 632.

RAY RUSHTON, for appellee.—(No brief came to the Reporter.)

SIMPSON, J.—The vital question raised by the pleading in this case is, can a bank, to which is intrusted a check for collection, send that check to the bank upon which it is drawn, receive its check on New York in payment, and, when the later check is protested on account of the failure of the bank drawing it, shield itself behind a custom to transact business in that way. It may be admitted that a party commiting a paper to a bank for collection may be bound by a custom which is reasonable and sufficiently general to presume that it is known. The point has not been directly decided in this state. In the case of *Lowenstein v. Bresler,* 109 Ala. 326, 19 South. 860, Chief Justice Brickell said: "It may be the drawee of a check is not a suitable agent to be intrusted with

[Farley National Bank v. Pollock & Bernheimer.]

its collection; and it may be that the Bank of Commerce, in selecting the banking company as the agent to collect the check and remit the collection, rendered itself liable to the plaintiffs for whatever loss might result to them from the unsuitable selection." And he cites several authorities, supporting this proposition. The proposition seems to be generally recognized. Undoubtedly an agent who undertakes to collect a claim, although by custom he may be allowed to employ sub-agents, yet is certainly bound to select his subcollecting agents with judgment and care, and one of the first elements of care is to select a subagent who is not adversely interested in the subject matter. What would be the use of a party placing his claim in the hands of a bank for collection, if that duty could be performed by merely indorsing the paper by mail to the party who is obliged to pay it and receive his check on New York? The owner of the paper could send it directly, and receive his New York exchange in much less time. A custom must be reasonable, and the best considered cases hold, not only that the bank or party who is to pay the paper is not the proper person to whom the paper should be sent for collection, but also that a custom to that effect is unreasonable and bad. —1 Morse on Banking, § 236; *National Bank v. Anglo A. Packing Co.*, 7 N. E. 601, 57 Am. Rep. 855; *First Nat. Bank of Chicago v. Citizens' Savings Bank*, 82 N. W. 66, L. R. A. 583; *Minneapolis Sash & Door Co. v. Metropolitan Bank*, 78 N. W. 980, 44 L. R. A. 504, 77 Am. St. Rep. 609; *German Bank v. Burns* (Colo). 21 Pac. 714, 13 Am. St. Rep. 247; *Wagner v. Crook*, 167 Pa. 259, 31 Atl. 576, 46 Am. St. Rep. 672; *Merchants' Nat. Bank v. Goodman*, 109 Pa. 422, 2 Atl. 687, 58 Am. St. Rep. 728.

The judgment of the court is affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.