PLANTERS' MERCANTILE COMPANY *v.* ARMOUR PACKING
COMPANY OF LOUISIANA, LIMITED.

[69 South. 293.]

1. BANKS AND BANKING.  *Checks.    Collection.    Appeal and Error.
   Review.    Determination.*
   The bank to which a check is sent for collection is the agent of
   the holder thereof for the purpose of making the collection, and
   the payment of the check to such bank absolves the drawer
   from further liability thereon.

2. SAME.
   If a check is sent for collection to the bank on which it is drawn
   and such bank charges the amount thereof on its books to the
   drawer, he is discharged from further liability thereon, pro-
   vided (generally, though not always) he has sufficient funds
   then on deposit with the bank to pay the check and the bank
   itself is solvent.

3. SAME.
   This result follows, notwithstanding such bank may fail to pay
   over the money to the person from whom the check is re-
   ceived for collection.

4. SAME.
   The bank on which a check is drawn is not a proper agent to
   which it may be sent for collection, and so to do is negligence.

5. SAME.
   When a check is received for collection by the bank on which it
   is drawn, and the drawer then has sufficient money on deposit
   with it with which to pay the check, he will be discharged from
   further liability thereon, although the bank fails to pay the
   amount of the check to the person from whom it was received,
   notwithstanding the bank may be then insolvent, provided the
   bank was then open for business and it does not appear that
   in event the check had been presented at its counter by
   another collecting agent, it would not have been paid.

6. SAME.
   Where a case in the supreme court is reversed on appeal final
   judgment will not be entered there, but the case will be re-
   manded, where it may be that appellee will be able to show on

another trial that no harm resulted to appellant by reason of a check having been forwarded for collection to the bank on which it was drawn.

APPEAL from the circuit court of Wilkinson county.
HON. E. E. BROWN, Judge.

Suit by Armour Packing Company of Louisiana Limited, against the Planters' Mercantile Company, begun in a justice of the peace court and appealed to the circuit court. From a judgment there for defendant, plaintiff appeals.

The agreed statement of facts, referred to in the opinion of the court, is as follows:

"That the account sued upon is correct, the defendant claiming to have paid the same as follows: That on the 11th day of January, 1913, defendant sent plaintiff a check for the account one hundred and five dollars, on the Citizens' Bank of Wilkinson county to settle said account. That plaintiff deposited said check on the 13th day of January, 1913, in the Louisiana National Bank at Baton Rouge, La., for deposit and collection. That the German-American National Bank of New Orleans, La., received said check on the 15th day of January, 1913, for collection and forwarded same to Citizens' Bank of Wilkinson county for payment and remittance. That on the 17th day of January, 1913, said Citizens' Bank of Wilkinson county, through its cashier, C. C. McLeod, marked said check, 'Paid,' and charged the amount of same on the books of said bank to defendant's deposit account. That Cashier McLeod made no remittance at all for said check, and no payment of said check was ever made to plaintiff or any one for plaintiff. That said check was indorsed by plaintiff and said Louisiana National Bank and said German-American National Bank. That on the 17th day of January, 1913, the said Citizens' Bank was insolvent, and insolvency caused by concealed fraudulent acts of said McLeod; but no officer of said Citizens' Bank of Wilkinson county, except the

said C. C. McLeod, knew or believed, on the 17th day of January, 1913, that the said Citizens' Bank was insolvent. That on the 20th day of January, 1913, the Citizens' Bank of Wilkinson county closed its doors as an insolvent institution, suspended, and went into the hands of a receiver. That the defendant did not know, or have good reason to suspect, until the 20th day of January, 1913, that the said Citizens' Bank was insolvent, and that defendant then, on said date, had several thousand dollars on deposit with said Citizens' Bank subject to defendant's check, and was more than sufficient money to meet all of the outstanding checks, drafts, or other obligations. That plaintiff's remitting office is and was Baton Rouge, La., and domicile in Chicago, Ill. That said L. T. Ventress is president of defendant corporation, and was president of said Citizens' Bank of Wilkinson county on the 17th and 20th days of January, 1913. That the check mentioned and books of the said Citizens' Bank may be produced in evidence on the trial of this cause, and that any other facts, information, or evidence desired by the court or the parties may be introduced at the trial, explained, and amplified.

*W. F. Tucker,* for appellant.

The only contention that appellee can make in this suit is, that when the check was received and stamped paid by the payee bank and the amount of same charged against appellant's deposit account, the payee bank was at that time insolvent and was a matter of juggling of figures and not of payment.

The Citizens Bank of Wilkinson county on which the check was drawn was at that time a going institution and had on hand and in other banks ample funds to pay this check, and no one, not even the officers of said bank knew, or believed, that the bank was insolvent on the 17th day of January, 1913; and the facts in the case show that if the check had been presented by the proper agent the same could have been paid in any manner desired by such agent.

It is a well-settled rule that a collecting bank which takes for collection a check drawn and payable on and by another bank is guilty of negligence in sending such check to the payee bank and is liable to the customer for any loss.  3 Ruling Case Law, section 255 and note thereunder; *Merchants National Bank of Philadelphia* v. *Goodman,* 58 Am. Rep. 728, and other cases cited therein; 5 Cyc. pp. 503 and 504, and note 66 thereunder.

It is also well settled that where a check is drawn by a depositor against his deposit in a bank, forwarded to his creditor, returned in the due course of banking business by the creditor or his collecting bank to the payee bank for payment and remittance, and by the payee bank stamped paid, put on the file of paid and canceled checks and charged against the drawer's deposit account, is payment to the principal or creditor, and is an absolute discharge of the debt, "and that it is a matter of no consequence, so far as the debtor is concerned, whether the bank accounts for it or misapplies it."  3 Ruling Case Law, section 269, and note 18 thereunder; *Oddie et al.* v. *The National City Bank of N. Y.,* 6 Am. Rep. 160; American Reports, 160; *American Exchange National Bank* v. *Gregg,* 32 Am. St. Rep. 171; *Grigg* v. *Central National Bank of the City of N. Y.,* 42 Am. Rep. 285; *City National Bank of Selma* v. *Burns,* 44 Am. Rep. 138.

In *Billingsley* v. *Pollock, Receiver,* 69 Miss. 759, Chief Justice CAMPBELL held, that where a note in bank for collection was paid by check received as money, drawer of check having ample funds on deposit, the maker of the note was discharged, although the bank was insolvent and known by its officers to be insolvent and on its own application passed into the hands of a receiver on the day it remitted for collection of the note; and in this case the appellant had ample funds on deposit, and no one but the defaulting cashier had any other thought than that the Citizens Bank of Wilkinson county was a sound, solvent and money-making institution.

*Bramlette & Bramlette,* for appellee.

This is a suit of *Appellee* v. *Appellant,* which the agreement of counsel says is correct. See record page 6. Appellant's only defense was payment, and this was sought to be shown by a check on the The Citizens Bank of Wilkinson county, drawn by appellant in favor of appellee, and which appellee deposited in a Louisiana bank for collection on January 15, 1913, and same was forwarded to said Citizens Bank for payment and remittance. Page 6 of record. And on 17th day of January, 1913, McLeod, Cashier of the Citizens Bank, marked the check paid, and charged to appellant's deposit account, that no remittance for said check was made to appellee, nor to any one for him. And that on said 17th day of January, 1913, said Citizens Bank was insolvent. This action of McLeod, Cashier, in stamping the check, paid the same to appellant's account when the Citizens Bank was insolvent, was not payment but only a juggling of the books of the Citizens Bank. See 5 Cyc., note 66 at page 504. For it is elementary that nothing is payment of a debt except money legal tender unless the creditor and debtor agrees that something else may be received as payment. In *Bank of Greenville* v. *Kretchsmar,* 91 Miss., at lower half of page 615, this court's unequivocal utterance is this: "A check is not payment, unless the check is paid, and unless it is specially agreed by the parties, that the check, whether good or not, shall have that effect; and the burden of proof always rests on the party giving it, to show that the check was to have that effect. The presumption is against it being so received, and this presumption can only be overcome by clear proof to the contrary." In this case there was not only no agreement that the check would be received as payment of the account, but on the contrary the check was sent to the Citizens Bank for payment and remittance. The case of *Bank of Greenville* v. *Kretchsmar,* we submit is conclusive. Opposing

counsel cites a number of authorities to support his contention, but as far as we can see all are upon facts different from this case, and in perhaps all of them a different remedy is being pursued. But be the law as it may in other jurisdictions, it is settled in this state in Bank of Greenville v. Kretchsmar, supra, that a check is not payment, unless it is paid, or agreed to by the creditor and debtor, which appellant has failed to show in this case, and the burden rested upon it to show this. Opposing counsel contends for want of the proper plaintiff. But the judgment of the court below easily disposes of this motion. The account was not assigned by appellee, it owned the account sued on, and it was correct and due and owing to appellee. Opposing counsel says that the only contention that appellee can make is, that when the check was stamped paid, and the amount then charged to appellants account, the Citizens Bank was insolvent, and this was a matter of juggling of figures and not payment. Now while we are satisfied that our argument above shows that he is in error, we will now give our attention to the effect that the insolvency of the Citizens Bank has on the case, which the evidence conclusively shows, and admitted on first page of opposing counsel's argument. On this question opposing counsel cites as authority 5 Cyc. pages 503 & 504, and the court will see that the text on top of page 504 is practically to the effect, that when a bank is insolvent on which a check is drawn, although marked paid, if in reality it is not paid, the drawer can be sued. *Emery* v. *Payne*, 68 Miss. 258, supports this view. And note 66 on same page 204, is more direct and positive, for the Citizens Bank had no money of its own to pay the check, for every dollar in its vaults and in other banks was the money of McCraine, sheriff and tax collector and was paid to him after the bank closed its doors. See Sessions testimony page 10 and McCraines testimony page 12 of record. And had the bank appropriated any

part of this money to another purpose, it would have perpetrated a fraud on the sheriff, state and county. And we call the court's attention that one, L. T. Ventress, was president of appellant, and at the same time president of the Citizens Bank. And Ventress as president of the bank should have known, and the presumption is that he did know that the Citizens Bank was insolvent, and the testimony fails to show that he did not know it, and this question could have been settled by appellant introducing him as a witness, which was not done.

On either or both contentions of appellee, that there was no agreement that the check was to be received as payment of the account, and also the insolvency of the Citizens Bank, the court below committed no error, and the judgment below should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is a suit by appellee upon an open account commenced before a justice of the peace, appellant's defense being payment. On appeal to the court below a jury was waived, and the cause submitted to the judge alone, and from a judgment rendered by him in favor of appellee this appeal is taken.

In addition to the facts disclosed in the agreement of counsel, which the reporter will set out in full, it appears from the evidence that the Citizens' Bank of Wilkinson county was open for business on the 17th and 18th days of January; that after the 18th, which was Saturday, it did not again open its doors for the transaction of business. On Monday, the 20th of January, it had on hand less than one hundred dollars in cash, and was due by other banks about ten thousand and five hundred dollars. Its checks for practically all of this amount were given on Monday to the sheriff of Wilkinson county as part payment for public funds deposited with it. Whether the bank was a county or state depository does not appear.

It seems to be settled by the great weight of authority that:

(1) The bank to which a check is sent for collection is the agent of the holder thereof for the purpose of making the collection, and that payment of the check to such bank absolves the drawer from further liability thereon.

(2) If a check is sent for collection to the bank on which it is drawn and such bank charges the amount thereof on its books to the drawer, he is discharged from further liability thereon, provided (generally, though not always) he has sufficient funds then on deposit with the bank to pay the check, and the bank itself is solvent.

(3) This result follows, notwithstanding such bank may fail to pay over the money to the person from whom the check was received for collection.

(4) The bank on which a check is drawn is not a proper agent to which it may be sent for collection, and so to do is negligence.

(5) When a check is received for collection by the bank on which it is drawn, and the drawer then has sufficient money on deposit with it with which to pay the check, he will be discharged from further liability thereon, although the bank fails to pay the amount of the check to the person from whom it was received, notwithstanding the bank may be then insolvent, provided the bank was then open for business, and it does not appear that in event the check had been presented at its counter by another collecting agent it would not have been paid.

Since in the case at bar it appears that the Citizens' Bank of Wilkinson county was open for business on the 17th and 18th of January after its receipt of the check, and it does not appear that if the check had been presented on either of those days at its counter by another collecting agent it would not have been paid, we must presume that it would have been paid, and therefore appellant, on this evidence, must be held to be re-

leased from further liability thereon. To hold otherwise would be to absolve appellee from the consequences of its, or, to be more accurate, from the consequences of its forwarding agent's negligence, and visit such consequences upon appellant, who is in no respect responsible therefor.

The judgment of the court below will be reversed; and, since it may be that appellee will be able to show on another trial that no harm resulted to appellant by reason of the check having been forwarded for collection to the bank on which it was drawn, final judgment will not be entered here, but the cause will be remanded.

Among the authorities examined by us, in addition to those cited in the briefs of counsel, which bear either directly or indirectly upon the question here involved, are: 2 Bolles, Modern Law of Banking, 548; 1 Daniel on Negotiable Instruments (5 Ed.) sec. 328a; *Anderson* v. *Rogers,* 53 Kan. 542, 36 Pac. 1067, 27 L. R. A. 248; *Wagner & Bro.* v. *Crook,* 167 Pa. 259, 31 Atl. 576, 46 Am. St. Rep. 672; *Smith* v. *Mitchell,* 117 Ga. 772, 45 S. E. 47, 97 Am. St. Rep. 217; *Drover National Bank* v. *Anglo-American, etc., Co.,* 117 Ill. 100, 7 N. E. 601, 57 Am. Rep. 855; *Merchants' National Bank* v. *Goodman,* 109 Pa. 422, 2 Atl. 687, 58 Am. Rep. 729; *Schafer* v. *Olson,* 24 N. D. 542, 139 N. W. 983, 43 L. R. A. (N. S.) 762; *Pinkney* v. *Kanawha Valley Bank,* 68 W. Va. 254, 69 S. E. 1012, 32 L. R. A. (N.S.) 987, Ann. Cas. 1912B, 115; *Winchester Milling Co.* v. *Bank of Winchester,* 120 Tenn. 225, 111 S. W. 248, 18 L. R..A. (N. S.) 441; *Farley National Bank* v. *Pollok & Bernheimer,* 145 Ala. 321, 39 So. 612, 2 L. R. A. (N. S.) 194, 117 Am. St. Rep. 44, 8 Ann. Cas. 370; *Bank* v. *Byrne,* 97 Mich. 178, 56 N. W. 355, 21 L. R. A. 753, 37 Am. St. Rep. 332.

*Reversed and remanded.*