GARRETT *v.* MERCHANTS' BANK & TRUST CO.*

(Division A. Oct. 29, 1928.)

[118 So. 540. No. 2756.]

522

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 281, p. 615, n. 85; section 293, p. 621, n. 30. As to duty of bank taking commercial paper for collection to use reasonable diligence in making collection, see annotation in 52 L. R. A. (N. S.) 616; 3 R. C. L. 610; 1 R. C. L. Supp. 862; 5 R. C. L. Supp. 189; 6 R. C. L. Supp. 191. As to duty of bank taking paper for collection to make inquiry as to payment of forwarded paper, see annotation in 6 A. L. R. 619; 3 R. C. L. 610; 1 R. C. L. Supp. 862.

*J. D. Magruder*, for appellant.

*Watkins, Watkins & Eager,* for appellee.

McGOWEN, J. Garrett, appellant here and plaintiff in the court below, sued the Merchants' Bank & Trust Company, appellee here and defendant in the court below, for four hundred sixty-five dollars and fifteen cents alleging negligence on the part of the appellee in handling and collecting a certain draft, the proceeds of which appellant is seeking to recover from the appellee. The appellee, Merchants' Bank & Trust Company, filed a demurrer to the declaration of the appellant, which was sustained by the court. Thereupon the appellant declined to amend his declaration or plead further, and judgment was entered by the court in favor of the appellee bank. From this judgment, the appellant, Garrett, appeals here.

The essential facts of the declaration are as follows:

Garrett, the plaintiff received from V. B. Smith, a draft for four hundred sixty-five dollars and fifteen cents, payable to the plaintiff, and drawn by Smith on himself. This draft was dated November 29, 1926, and payable at the Fayette County Bank of Somerville, Tenn. The plaintiff deposited said draft with the Citizens' Bank at Tunica, Miss., on December 2, 1926, which bank credited the plaintiff's account with the proceeds of the Smith draft and forwarded same to its correspondent, the Merchants' Bank & Trust Company, the appellee, at Jackson, Miss. The defendant, the Merchants' Bank & Trust Company, thereupon forwarded the Smith draft to the Fayette County Bank, at Somerville, Tenn., for collection, whereupon the latter bank collected the amount of the draft from Smith and forwarded to the defendant its Memphis exchange drawn on the First National Bank of Memphis, Tenn. Upon receipt of the Memphis exchange from the Fayette County Bank by the defendant bank on December 8, 1926, same was forwarded to defendant bank's correspondent, the Union & Planters' Bank & Trust Company, at Memphis, Tenn., which latter bank on December 10, 1926, presented it to the First National Bank of Memphis, Tenn., when and where payment was refused thereon, and the exchange was by the Union & Planters' Bank & Trust protested and returned to the defendant bank at Jackson. Whereupon the defendant bank forwarded the protested exchange to the Citizens' Bank at Tunica, and the latter bank, having previously given the plaintiff credit on receipt of the Smith draft, charged the plaintiff, Garrett, on December 15th, with the amount of the draft. On the same day, the plaintiff, Garrett, was notified of the nonpayment of the draft and the bank's action, and the protested exchange was turned over to him.

The declaration alleges that the plaintiff protested against the action of the bank in charging him back with the amount of the draft. The Citizens' Bank at Tunica

failed and closed its doors December 17, 1926, and likewise the Fayette County Bank of Somerville, on the —— day of December, 1926.

The appellant, Garrett, charged the appellee, the Merchants' Bank & Trust Company, with negligence in the following particulars:

(1) That the defendant bank sent the draft direct to the Fayette County Bank, at Somerville, Tenn.;

(2) That the defendant bank permitted the Fayette County Bank, at Somerville, Tenn., to hold the draft from December 2d to December 6th without inquiry; and

(3) That the defendant bank failed to notify the plaintiff of the protest of the exchange until December 15th; and because of these several acts of negligence on the part of the defendant bank, the plaintiff alleges that the proceeds of the exchange were lost to him.

The demurrer to the declaration in its entirety was to the effect that negligence was not shown on the part of the defendant bank.

Counsel for appellant cites and relies on the case of *Planters' Mercantile Co.* v. *Armour Packing Co.,* 109 Miss. 470, 69 So. 293, in which case it was held that a bank on which a check is drawn is not a proper agent to which it may be sent for collection, and to do so is negligence; consequently, this case is not applicable here. This was not a check drawn on the Fayette County Bank at Somerville, Tenn., but was a draft drawn by Smith on himself and payable at the Fayette County Bank. The distinction is obvious. The Somerville Bank was the proper bank to make this collection from Smith, and was in no sense the payee of the draft; and the rule announced in the above case cannot be applied because the facts are essentially different.

Counsel for appellant cites that chapter 246 of the Laws of 1926 authorizes the federal bank to send to the payee bank direct exchange checks and drafts, but states that such act is unconstitutional and argues that it affords

a privilege to nonresident banks which is not permitted under the Fourteenth Amendment. We are not here called upon to decide this question for the reason that the bank at Somerville was not the payee of the check or draft here involved.

■ The allegation of negligence that the defendant bank permitted the bank at Somerville to hold the draft from December 2d to December 6th without inquiry, is not sustained, and is contradicted by the allegations of the declaration itself, because the Smith draft was not deposited in the Citizens' Bank at Tunica until December 2d, and could not have on the same day passed through the hands of the Jackson bank and the Tennessee bank. The exchange, as alleged by the declaration, was received by the Jackson bank on December 8th, and with Sunday intervening, there were only six days elapsing between the date of the deposit in the Citizens' Bank at Tunica and the receipt by the Jackson bank of the Somerville bank exchange in payment of the original draft. We are unable to see how negligence could be predicated upon these facts.

■ It is alleged that it was negligence on the part of the defendant bank not to have notified the plaintiff of the dishonor of the exchange. This exchange was protested in Memphis on December 10th, and returned to the Jackson bank, which bank forwarded it to the Citizens' Bank, at Tunica, and the latter bank gave the plaintiff notice of such fact on December 15th. When we consider the fact that one Sunday intervened and the distance between the several banks named, it cannot be said, as a matter of law, that the defendant, the Merchants' Bank & Trust Company, was negligent in anywise. Notice of the dishonor of the exchange was given the plaintiff in due course of the banking business, especially when we consider the fact that where there were only four banking days from the date of the protest to the date of the notice.

Taking the facts into consideration, we think the declaration of the plaintiff fails to show negligence on the part of the defendant bank.

*Affirmed.*