CAPITAL NAT. BANK *v.* CAMPBELL.

(Division A.    Dec. 14, 1931.    Suggestion of Error Overruled Jan. 11, 1932.)

[138 So. 367.    No. 29593.]

**Alexander & Alexander,** of Jackson, for appellant.

May, Sanders, McLaurin & Byrd, of Jackson, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment in the court below against the appellant for damages sustained by her because of the alleged negligence of the appellant in failing to collect a check which she deposited with it for collection. The case was tried by the court without a jury.

The case disclosed by the record is, in substance, as

follows: On December 12, 1930, the appellee wrote the appellant as follows: ''Enclosed find check for one thousand seven hundred fifty dollars on Savings Department of the Citizens Bank & Trust Company of Yazoo City, Mississippi, which I kindly ask that you put in for collection upon receipt and place to my credit in your bank as attorney for R. G. Fowler. Also send me a check book, as this money is placed with me to loan and I will have to check upon the same at various times.''

Because of a clerical error in the check referred to and inclosed in this letter, the appellee drew another on the same bank, and mailed it to the appellant, inclosed in the following letter: ''Since sending you the check for one thousand seven hundred fifty dollars I have placed one hundred fifty dollars of this money so now send you a check for one thousand six hundred dollars. I also send signed card with my address. Thanking you to send this check direct, and send me a deposit slip.''

This check was received by the appellant on Thursday, December 18, 1930, was placed to the appellee's credit, and forwarded by the appellant direct to the Citizens' Bank & Trust Company of Yazoo City for collection and remittance to it. The check was received by the Citizens' Bank & Trust Company the next day, December 19th, which charged the amount thereof to R. G. Fowler, whose name was signed thereto by the appellee as his attorney in fact. On the same day, December 19th, the Citizens' Bank & Trust Company mailed a check to the appellant at Jackson, Mississippi, its place of business, for one thousand six hundred dollars, less a collection of the fee of one dollar and sixty cents, on the Merchants' Bank & Trust Company of Jackson, Mississippi. This check was received by the appellant on the morning of the next day, Saturday, December 20th. All banks in the city of Jackson close at noon on Saturday, and the check was not presented to the Merchants' Bank & Trust Company for payment until Monday morning, December 22, 1930. The

Merchants' Bank & Trust Company declined to pay the check for the reason that the Citizens' Bank & Trust Company had that day gone into liquidation, and its affairs had been taken over by the State Bank Department. The Citizens' Bank & Trust Company then had on deposit with the Merchants' Bank & Trust Company funds more than sufficient for the payment of the check. These facts appear from the record without material conflict, so that the only question for decision is: Does it appear therefrom that the appellant was negligent in not collecting the check on the Citizens' Bank & Trust Company, deposited with it by the appellee?

According to the appellee, the appellant was negligent in two particulars: First, in forwarding the check direct to the Citizens' Bank & Trust Company; and second, in not presenting the check of the Citizens' Bank & Trust Company on the Merchants' Bank & Trust Company to the latter bank on the day that it was received by the appellant.

When a bank accepts for collection a check payable in a place other than that in which the bank is located, it is charged with the duty of exercising due care in the selection of the person to present the check to, and collect it from, the drawee thereof, and the American courts almost uniformly hold that the person on whom the check is drawn is not a suitable person for its collection. Planters Merc. Co. v. Armour Packing Co., 109 Miss. 470, 69 So. 293; 1 Morse on Banks and Banking (6 Ed.) 582. But this rule has no application here, for the appellee requested the appellant to forward the check direct to the drawee, the Citizens' Bank & Trust Company, thereby designating that bank as her agent to collect the check, and remit the proceeds thereof to the appellant.

The appellee testified that by the words "send this check direct" in her second letter to the appellant, she did not mean for it to be sent to the bank on which it

was drawn, but direct to Yazoo City, to another bank there. That she in fact so intended may be accepted as true; but unfortunately she selected words which seem to have a different meaning, and which the appellant was justified in interpreting to mean that she desired the check to be sent direct to the Citizens' Bank & Trust Company.

When the appellant received the check on the Merchants' Bank & Trust Company from the Citizens' Bank & Trust Company, the bank designated by the appellee for the collection of the check deposited by her with the appellant, the duty of the appellant to collect it was the same, and no more, than it would have been had it received the check direct from the appellee. When a bank receives a check on another bank or person for collection, it thereby becomes obligated to the person for or from whom it was received, to present the check to the drawee for payment within a reasonable time, which, at common law, "is until the close of banking hours on the business day next following that on which the bank comes into possession of the check." 1 Morse on Banks and Banking (6 Ed.) 586; 3 R. C. L. 62. As Lord Ellenborough long ago said, in Rickford v. Ridge, 2 Camp. 537, 170 Eng. Rep. (Reprint) 1243: "The rule that the minute a cheque is received by the post it should invariably be sent out for payment, would be most inconvenient and unreasonable. . . . Different posts arrive at different hours; but it would be impossible to have clerks constantly ready to carry out all the bills and cheques that may arrive in the course of the day; nor, if it were possible, is it requisite that all other business being laid aside, parties should devote themselves to the presenting of cheques. The rule to be adopted must be a rule of convenience; and it seems to me to be convenient and reasonable that cheques received in the course of one day should be presented the next."

The day following the receipt of this check by the

appellant being Sunday, its presentation on Monday was within the foregoing rule.

Counsel for the appellee say, in effect, that this rule has no application here, for, in the language of counsel: "As the record shows, financial institutions in Mississippi were failing in large numbers, and, coupled with the instructions of the appellee to the Capital National Bank, this general condition, well known to the bank, and everyone else in the state of Mississippi, ought to have caused them to use extraordinary diligence, which they failed to do."

The fact that financial conditions are bad, and a number of banks have failed, does not put on a collecting bank the duty of dealing with a check on another bank, deposited with it for collection, as if the drawee bank was about to fail; and neither was such duty imposed on the appellant by the appellee's request that the check be sent direct to the drawee bank. The appellee assumed the risk of what here happened when she directed a check, deposited by her with appellant, to be sent direct to the drawee bank.

Reversed and cause dismissed.