ELLIS WAY DRUG CO. *v.* MCLEAN.

(Division B.   Oct. 26, 1936.)

[170 So. 288.   No. 32346.]

**W. D. Jones**, of Merigold, for appellant.

**E. B. Taylor,** of Shelby, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed its bill in the chancery court of Bolivar county against appellee, receiver of the Bank of Shelby in liquidation, to have its claim of ninety-nine dollars and eight cents established against the assets of said bank. Appellee answered the bill, and embodied in its answer a special demurrer based upon the ground that the Domengeaux Drug Company and Rowe and Edwards were necessary parties defendant, and for that reason should have been joined as such in the bill. The demurrer was sustained, and appellant declining to plead further, the bill was dismissed.

The Bank of Shelby was a Bolivar county institution. Appellant is a wholesale drug concern in Memphis, Tenn. The Domengeaux Drug Company was indebted to the appellant in the sum of ninety-nine dollars and eight cents, to pay which it sent appellant a check on the Bank of Shelby for that amount. Appellant deposited the check with the First National Bank in Memphis for collection; that bank forwarded the check directly to the Bank of Shelby for payment; the latter bank drew a draft for the amount, with other items, on the Union Planters National Bank, its Memphis correspondent, and at the same time charged the ninety-nine dollars and eight cent check to the account of the Domengeaux Drug Company, the drug company having sufficient funds to

its credit to meet its payment. The Bank of Shelby forwarded this exchange to the First National Bank; the First National Bank presented it to the Union Planters National Bank for payment, which was declined upon the ground that in the meantime the Bank of Shelby, being insolvent, had closed its doors and gone into liquidation.

Afterwards the Domengeaux Drug Company sold out its business to Rowe and Edwards. The question is whether or not the Domengeaux Drug Company and its assignees, Rowe and Edwards, were discharged from liability to appellant for this indebtedness. We think this question must be answered in the affirmative. The rule in this state is that a bank receiving a check from its depositor for collection receives it as the agent of such depositor, and so does each bank thereafter receiving the paper in process of collection. Pearl River County v. Merchants Bank & Trust Co., 168 Miss. 612, 151 So. 756; People's Gin Co. v. Canal Bank & Trust Co., 168 Miss. 630, 144 So. 858, 146 So. 308; Planters' Mercantile Co. v. Armour Packing Co., 109 Miss. 470, 69 So. 293. Therefore, under the facts here, the Bank of Shelby was one of those agencies; it had authority as such to charge the account of the drawer with the amount of the check.

In the Planters' Mercantile Company Case the court held that where a check is received for collection by the bank on which it is drawn, and the drawer then has sufficient funds on deposit with it to pay the check, he will be discharged from further liability thereon, although the bank fails to pay the check to the person from whom it was received, notwithstanding the bank may be then insolvent, provided it was open for business, and it does not appear that if the check had been presented by another collecting agent it would not have been paid. These cases are decisive of the question against the position of the appellee.

Reversed and remanded.