## MARINE BANK & TRUST CO. v. TRIPLETT.*

(Division B.   Jan. 9, 1928.)

[115 So. 202.   No. 26794.]

1. BANKS AND BANKING. *Bills and notes.   Bank to which check is sent for collection is holder's agent for purpose of collecting, and payment absolves drawer from further liability.*

Bank to which check is sent for collection is agent of holder of check for purpose of making collection; and payment of such check absolves drawer from further liability thereon.

2. BILLS AND NOTES. *Where drawee bank receives check from holder and fails to pay same though drawer has sufficient funds, drawer is discharged.*

When check is received for collection by bank on which it is drawn, and drawer then has sufficient funds on deposit with which to pay check, drawer will be discharged from further liability on check though bank fails to pay amount of check to holder, notwithstanding bank may be then insolvent, providing it was then open for business and it does not appear that, in event check had been presented to it by another collection agent, it would not have been paid.

3. BILLS AND NOTES. *Where holder forwarded check to drawee bank, later insolvent, bank's failure to charge drawer's account was chargeable to holder and loss fell on holder.*

Where holder forwarded check direct to drawee bank, bank was holder's agent for collection of check and its failure to perform its duty by charging amount of check to drawer's account before bank became insolvent which was cause of check not being paid by drawer was chargeable to bank's principal, the holder, so that whatever loss there was fell on holder and not on drawer.

---

*Corpus Juris-Cyc. References:   Banks and Banking, 7CJ, p. 608, n. 94, 2; p. 615, n. 65.   As to rule affecting title to commercial paper deposited with bank for collection, see annotation in 11 A. L. R. 1046; 16 A. L. R. 1084; 42 A. L. R. 492; 3 R. C. L. 524; 1 R. C. L. Supp. 842; 4 R. C. L. Supp. 191; 6 R. C. L. Supp. 185.

APPEAL from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Action before a justice of the peace by the Marine Bank & Trust Company against Frank P. Triplett. Judgment for defendant. On appeal to the circuit court, judgment was again rendered for defendant, and plaintiff appeals. Affirmed.

*Lowrey & McLain,* for appellant.

The appellee bases his whole case upon the fact that the Marine Bank & Trust Company forwarded the check direct to the Bank of Centerville, and in support of his position relies upon the case of *Mercantile Co.* v. *Armour Packing Co.,* 109 Miss. 470. This case was decided in March, 1915, pursuant to an appeal taken from the circuit court of Wilkinson county. Appellee contends that the *Armour Packing case, supra,* settles the case at bar. We contend that the Armour case settled one proposition only, namely, that it is negligence to forward a check for collection direct to the bank upon which it is drawn where there is another existing agency for collection in the same town or domicile of said bank; and that since the receiving bank in such case is the agent of the forwarding bank and of the payee of the check, any negligence resulting from such agency is imputed to the payee and relieves the drawer of further liability. We contend that the Armour Packing Company case is in no wise similar to the case at bar except in the one fact that in both cases a check was forwarded direct to the bank upon which it was drawn.

We contend further that even though it be admitted that the appellant, Marine Bank & Trust Company, was guilty of negligence in forwarding Triplett's check direct to the Bank of Centerville, and even though the Bank of Centerville thus became its agent and acted negligently in regard to its handling of said check, and admitting that such negligence is imputed to the Marine Bank &

Trust Company, regardless of all these proposed admissions the appellee, Triplett, is liable for the payment of said check by reason of his course of dealing in regard thereto, and that Triplett by his conduct and actions waived all negligence on the part of either the appellant or the Bank of Centerville, and that he is now estopped from taking or claiming any advantage because of such negligence.

See chapter 246, Laws of 1926, p. 360. We have not cited any specific authorities for the reason that this case stands uniquely alone. We have searched carefully and painstakingly and were unable to find any case based upon a state of facts even remotely in point with the facts of this cause. This is due to the fact that never before in any American Jurisprudence has any litigant possessed the temerity to seriously come into a court and deny liability on a check because of some abstract principle of ultra-refined technical application and then at the same time by his actions deny and refuse the owner of the check his claim against the insolvent bank.

*Tucker & Tucker,* for appellee.

See *Planters Mercantile Company* v. *Armour Packing Company,* 109 Miss. 470, 69 So. 293. The appellant argues that it was not negligence for the appellant to have sent the check for collection to the payee bank, the Bank of Centerville as it was the only bank in the town of Centerville. But see 3 R. C. L., p. 628, sec. 255, to the contrary and decisions there cited.

We fail to understand the citation by appellant of chapter 246, Laws of 1926, and his argument thereon. The subject-matter of this suit as to agency ended in May, 1922, and the above Act of the Legislature amending the laws of agency, as to intrastate banks, was approved March 19, 1926.

ANDERSON, J., delivered the opinion of the court.

The appellant brought this action against appellee before a justice of the peace of Wilkinson county, on a check for the sum of one hundred dollars, drawn by the appellee on the Bank of Centerville in favor of Dr. R. Patrick, from whom appellant had purchased the check in due course.   Judgment went in favor of the appellee, from which judgment appellant appealed to the circuit court of Wilkinson county, where there was a trial, resulting in a judgment in favor of appellee, from which judgment appellant prosecutes this appeal.

By agreement of the parties, the cause was tried before the circuit court sitting both as judge and jury.   It was tried on agreed facts embodied in writing and made a part of the record, a copy of which, leaving off the formal parts, is as follows:

"It is agreed that the following facts are to control exclusively and without regard to pleadings or taking of testimony:

"It is agreed that on April 20, 1922, Frank P. Triplett of the Third supervisor's district, Wilkinson county, Miss., uttered, drew, made, and delivered to Dr. R. Patrick, a check, or order, on his (Triplett's) account in the Bank of Centerville, Wilkinson county, Miss., and against said account and payable therefrom in the sum and amount of one hundred dollars.   It is further agreed that said check was for the purchase price of ten head of undelivered cattle, defendant not knowing the Bank of Centerville was insolvent, said cattle to be delivered on May 15, 1922.   That on or about May 15, 1922, defendant called on Patrick to deliver the cattle, defendant offering to pay said check on the cattle being delivered to him, but that Patrick refused and failed to deliver the ten head of cattle unless Triplett would pay him the further stipulation of one hundred dollars, which defendant refused to do.

"It is further agreed that on April 24, 1922, said Dr. H. Patrick presented said check to the Marine Bank & Trust Company, New Orleans, La., and said Marine Bank & Trust Company paid in cash to said Dr. R. Patrick the sum of one hundred dollars and thereby received said check in due course and for value, and without notice or knowledge of any defenses, if any, existing between Dr. R. Patrick and Frank P. Triplett; that on April 24, 1922, the said Marine Bank & Trust Company forwarded said check direct to the Bank of Centerville for collection; that at that time there was no other bank in said town of Centerville. That in due course of business said bank of Centerville received said check on or about the 26th day of April, 1922; that defendant had more than sufficient money on deposit in the Bank of Centerville on the 24th, 25th, 26th, 27th, 28th, and 29th of April, 1922, and on the 1st and 2d of May, 1922, and that said Bank of Centerville on all of said days had more than sufficient cash to pay said check, and all other of its current obligations; but that said Bank of Centerville failed to charge said check to the account of defendant and to remit same to plaintiff; that on May 9, 1922, said check was returned to the Marine Bank & Trust Company by a bank examiner of the state of Mississippi with the information that the Bank of Centerville was in the hands of the state banking department and was closed to business and in process of liquidation; that said bank was closed on May 2, 1922, by said banking department.

"It is agreed that said Bank of Centerville has never taken any action on said check, and did not debit same against the account of Frank P. Triplett, or credit same against the account or to the Marine Bank & Trust Company. That neither during the process of liquidation, nor since, or at any time, has said bank taken any action thereon.

"It is agreed that Frank P. Triplett never gave the Bank of Centerville a stop order against said check.

"It is further agreed that the Bank of Centerville has paid to its depositors payments, or settlements, up to this date of —— per cent. of the full amounts of the respective deposits, and that Frank P. Triplett has duly received his —— per cent. of the amount he had on deposit in said bank at the time it was taken over by the state banking department, and that the said check was never debited against his account in said bank, and that said —— per cent. payments received by said Frank P. Triplett were inclusive of the amount covered by said check; that said bank or the state banking department will probably eventually pay each depositor the remaining —— per cent. due on their respective deposits.

"It is agreed that judgment by consent was rendered against the Marine Bank & Trust Company and in favor of Frank P. Triplett in the justice of the peace court of Hon. Theo. Rushing of the Third supervisor's district, Wilkinson county, Miss., the place of residence of Frank P. Triplett, and that an appeal was duly and legally made to the circuit court of Wilkinson county, Miss., by said Marine Bank & Trust Company, and that jurisdiction is hereby conferred upon the circuit court for the full adjudication of the issues of this cause.

"It is agreed that the amount of this suit is for the face value of said check, to-wit, one hundred dollars and legal interest from date of April 24, 1922, to the date of final judgment, and legal interest until collected, and all costs."

The bank to which a check is sent for collection is the agent of the holder of the check for the purpose of making the collection, and the payment of such check absolves the drawer from further liability thereon. The bank on which the check is drawn is not the proper agent to which the check may be sent for collection. When a check is received for collection by the bank on which it is drawn, and the drawer then has sufficient funds on deposit with such bank with which to pay the check, the drawer will be discharged from further liability on the

check although the bank fails to pay the amount of the check to the holder thereof from whom it was received, notwithstanding the bank may be then insolvent, provided it was then open for business and it does not appear that, in the event the check had been presented to it by another collection agent, it would not have been paid. *Planters' Mercantile Co.* v. *Armour Packing Co.,* 109 Miss. 470, 69 So. 293.

The agreed facts in this case show that, when the Bank of Centerville received the check involved for collection, and for some days thereafter, it had on deposit to the credit of appellee, the drawer of the check, sufficient funds with which to pay the same. The Bank of Centerville, as the agent of appellant for the collection of the check, should have charged appellee's account with the amount of the check. The failure of the Bank of Centerville so to do was the cause of the check not being paid by the appellee. The Bank of Centerville was the agent of appellant for the collection of the check. The failure of the bank to perform its duty by charging the amount of the check to appellee's account is chargeable to its principal, the appellant. Therefore whatever loss there was must fall on appellant and not on appellee.

*Affirmed.*