CHICKASAW COUNTY *v.* LOVE, SUPERINTENDENT OF BANKS *et al.*

(Division A. March 12, 1934. Suggestion of Error Overruled March 26, 1934.)

[153 So. 156. No. 31084.]

H. B. Abernethy and Thos. L. Haman, both of Houston, for appellant.

C. R. Bolton, of Tupelo, and **Flowers, Brown & Hester,** of Jackson, for appellees.

**Cook, J.,** delivered the opinion of the court.

Chickasaw county filed a bill or petition against J. S. Love, superintendent of banks, and G. B. McDuff, liquidating agent of the Commercial Bank & Trust Company, of Okolona, Mississippi, seeking to have the amount of three pension warrants for the sum of ninety-two dollars each, issued to Confederate pensioners, declared to be preference claims on the funds and assets of the said bank, now in liquidation, and to recover the amount of these warrants for the benefit of the county pension fund and the pensioners to whom the warrants were originally entered. The superintendent of banks answered the petition, and the cause was submitted to the court upon the petition, answer, and an agreed statement of facts. A decree was entered denying the prayer of the petition and dismissing it, from which decree this appeal was prosecuted.

The agreed statement of facts is, in part, as follows:

"That on the 8th day of January, 1930, the Commercial Bank & Trust Company, of Okolona, Mississippi, was duly appointed and became the county depository of Chickasaw county, Mississippi, such appointment having been made in accordance with the statute, and that from said date to the date of the failure of said bank on the 18th day of October, 1930, it acted as county depository

of said county; that it had on deposit the pension fund of the county at and prior to the date of its failure.

"That on the 10th day of October, 1930, the chancery clerk and county auditor of the county drew three certain pension warrants on the pension fund had and kept on deposit in said bank, as follows, to-wit:

"Pension Warrant No. 666 for the sum of ninety-two dollars payable to Reubin Davis; Pension Warrant No. 668 for the sum of ninety-two dollars payable to J. M. Griffin; Pension Warrant No. 688 for the sum of ninety-two dollars payable to D. A. Goza.

"That each of the payees in said warrants were Confederate veterans and pensioners of the state of Mississippi. That true and correct copies of the warrants so drawn and issued together with the endorsements thereon are shown as 'Exhibits A, B and C' to the petition. That each of said pensioners on receipt of their respective warrants so drawn on the pension fund in the treasury of the county on deposit in the Commercial Bank & Trust Company of Okolona, Mississippi, deposited the warrants for collection in the bank of Houston, Houston, Mississippi, which in due course forwarded same for presentment, payment and collection to the Bank of Commerce & Trust Company, Memphis, Tennessee, which bank in due course on receipt of said warrants forwarded them directly for collection and payment to the Commercial Bank & Trust Company of Okolona, Mississippi, county depository; that the said Commercial Bank & Trust Company, on receipt of said warrants for collection marked them 'paid' as is shown by the exhibits and charged on its books the amounts thereof to the pension fund of the county, and forwarded its draft or exchange on its account on deposit in said Bank of Commerce & Trust Company, Memphis, Tennessee, for payment of said collecting bank, as had been done in transactions theretofore. That before said Bank of Commerce & Trust Company had re-

mitted said amounts to the credit of the bank of Houston the Commercial Bank & Trust Company, county depository, failed and was taken over for liquidation by J. S. Love, superintendent of banks in the afternoon of October 18, 1930. That said Bank of Commerce & Trust Company having been notified of such failure, immediately charged the deposit account of the Commerce Bank & Trust Company with the indebtedness due to it by said bank which failed, thereby exhausting the deposit account and leaving no balance to meet the demand, draft or exchange forwarded by the Commercial Bank & Trust Company, and refused to pay said draft or exchange of the failed bank to the bank of Houston, the collecting bank, which was without order or authorization of J. S. Love, superintendent of banks or the Commercial Bank & Trust. That by way of explanation said Commercial Bank & Trust Company kept deposit account with the bank of Commerce & Trust Company, Memphis, Tennessee, and the full amount of the deposit of said failed bank was applied as a credit by the Memphis bank on the indebtedness due it by the failed bank, which sum did not discharge the entire debt due the Memphis bank by the failed bank, and that said failed bank is still indebted to the Memphis bank for bills payable.

"That soon after the failure of the Commercial Bank & Trust Company, a statement of the pension fund of the county was delivered to the board of supervisors of Chickasaw county, showing credits and debits on the pension fund account, in which statement the warrants herein described and shown as exhibits A, B, and C to the bill were shown to be charged to said pension fund account, and the original warrants marked 'paid' and cancelled were delivered with said account and accepted by the board of supervisors of the county, who approved the account as rendered, the county now holding said warrants so marked paid and cancelled by said failed

bank, but it is agreed that the board of supervisors were uninformed at the time they approved the account and accepted the warrants about their having not been paid to the pensioners to whom they were made payable. It is further admitted that neither J. S. Love, superintendent of banks, nor any other person in charge of the liquidation of the Commercial Bank & Trust Company has attempted to collect or recover said deposit funds appropriated as aforesaid, by the bank of Commerce & Trust Company, and that the failed bank (county depository) has received the credit made by the Memphis bank to the debit account of the failed bank.

"It is agreed that the warrants were never returned to the pensioners and that they have never received payment thereon. That the pension fund of the county on deposit with the failed bank as county depository, prior to and at the time of its failure was public money paid by the state of Mississippi to the county for the purpose of paying specific pensions as is provided by the pension statutes of the state of Mississippi, among whom were the payees in said warrants, and the money for the payment of said warrants was on deposit in said bank at the time it failed. That there was no assignment of the warrants by the pensioner owners to the depository bank which failed, and that neither the county of Chickasaw nor the board of supervisors waived payment of said warrants. That there was no gift of the warrants or the sums represented thereby to the county by the payees who received them, nor was there any gift by the pensioner payees of the warrants or amounts represented thereby to the depository bank which failed, and that said pensioners did not agree to the mingling of the collection of the warrants with the funds of the failed bank, but that the warrants were deposited with the bank of Houston and sent through the regular channels for collection as hereinbefore stated.

"It is agreed that the pensioner payees in said warrants upon learning of the nonpayment thereof, and upon the failure of the return of the warrants to them, gave notice to the president of the board of supervisors of the county and requested said board of supervisors to take action for covering back into the county treasury the amounts represented by these warrants as is provided by section 4353 of the Mississippi Code of 1930, and that by virtue of such notice and the provisions of the statute this suit was brought by the county.

"It is agreed that the securities placed by the Commercial Bank & Trust Company to secure the funds of the county have been exhausted in paying other amounts due the county prior to the filing of this suit. That the failed bank still has assets and is in process of liquidation."

The agreed statement of facts shows that the warrants were issued on the 10th day of October, 1930, and that when the Commercial Bank & Trust Company received them from the agent of the holders thereof for collection, on the 18th day of October, 1930, it was open for business, and had on deposit to the credit of the county, the drawer of the warrants, in the pension funds, sufficient funds with which to pay the same, and that the warrants were marked "paid" and charged to the said county pension fund, and its draft on its account in the Bank of Commerce & Trust Company for payment of such warrants was forwarded to the said bank; and it was held in the cases of Planters' Mercantile Co. v. Armour Packing Co., 109 Miss. 470, 69 So. 293, 294, and Marine Bank & Trust Co. v. Triplett, 149 Miss. 274, 115 So. 202, that, "When a check is received for collection by the bank on which it is drawn, and the drawer then has sufficient money on deposit with it with which to pay the check, he will be discharged from further liability thereon, although the bank fails to pay the amount of the check to the person

from whom it was received, notwithstanding the bank may be then insolvent, provided the bank was then open for business, and it does not appear that in event the check had been presented at its counter by another collecting agent it would not have been paid.''

This announcement of the rule is applicable and controlling here, and upon the agreed facts the county must be held to be released from liability to the said pensioners.

The appellant contends, however, that by virtue of section 4353, Code 1930, the county is authorized, and it is made its duty, to sue for and recover, for the benefit of the county pension fund, the amount of these warrants. By this section a county is authorized and empowered, in the event of the failure of any county depository to pay any county warrant lawfully issued on any funds on deposit belonging to the county in such depository, to sell such securities as have been placed with it by such depository, or so much thereof as may be necessary to cover back into the county treasury ''the amount of county funds on deposit with such depository, with accrued interest thereon,'' or, in the event of the failure of the county depository to pay any warrant when such depository has placed surety bonds as security, upon notice to the president of the board of supervisors by the clerk, or the holder of such unpaid warrant, the board of supervisors is authorized and empowered to take steps to cover back into the treasury, not the amount of such unpaid warrant, but all county money on deposit in such depository.

This statute authorizes the county, in the event of a depository failing to pay any county warrant, to use all securities that have been placed with it by said depository as security for county deposits for the purpose of covering back into the county treasury all county money on deposit with such depository; and in the statement of

facts it is admitted that prior to the filing of this suit the county had exhausted all the securities placed with it by this depository in paying other amounts due it. This statute does not authorize suits by the county in behalf of payees of warrants on which the county has been discharged from liability.

The decree of the court below will therefore be affirmed. Affirmed.